[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 21, 2005
THOMAS  K. KAHN
CLERK

No. 05-10381
Non-Argument Calendar

_____

D.C. Docket No. 04-80090-CR-WJZ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GREGORY EUGENE JONES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(July 21, 2005)**

Before BIRCH, DUBINA and BARKETT, Circuit Judges.

PER CURIAM:

Appellant Gregory Eugene Jones appeals his 180-month sentence imposed after pleading guilty to one count of possession of ammunition that has traveled in interstate commerce, after having been previously convicted of a crime punishable by imprisonment for a term exceeding 1 year, in violation of 18 U.S.C. § 922(g)(1). The district court imposed the mandatory minimum sentence pursuant to the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1), based upon Jones's admissions that he had committed three prior qualifying felonies.

On appeal, Jones argues that his mandatory minimum sentence violates the Fifth Amendment because it was based upon prior convictions that were not charged in the indictment and because he never admitted that his prior convictions were for crimes of violence or serious drug offenses. He argues that the commission of the three prior crimes of violence or serious drug offenses was a necessary element of the crime charged pursuant to the Armed Career Criminal Act, 18 U.S.C. § 924(e). Although Jones recognizes that the United States Supreme Court in *Almendarez-Torres v. United States*, 523 U.S. 224, 118 S. Ct. 1219, 140 L. Ed. 2d 350 (1998), rejected this type of argument, and that this is the controlling precedent, he asserts that the Supreme Court's subsequent opinions in *Apprendi v. New Jersey*, 530 U.S. 466, 489-90, 120 S. Ct. 2348, 2362-63, 147 L. Ed. 2d 435 (2000), *Blakely v. Washington*, 542 U.S. ___, 124 S. Ct. 2531, 159 L.

2

Ed. 2d 403 (2004), and *Shepard v. United States* ___ U.S. ___, 125 S. Ct. 1254, 161 L. Ed. 2d 205 (2005), undermine the rationale of this opinion, and that today, the majority of the Supreme Court no longer subscribes to its previous holding on this issue.

Since Jones preserved his constitutional claim in the district court, we review his sentence *de novo*, but will reverse only for harmful error. *United States v. Paz*, 405 F.3d 946, 948 (11th Cir. 2005).

In *Almendarez-Torres v. United States*, the Supreme Court held that the government need not allege in its indictment and need not prove beyond a reasonable doubt that a defendant had prior convictions for a district court to use those convictions for purposes of enhancing a sentence. *Almendarez-Torres*, 523 U.S. at 228; 118 S. Ct. at 1223. In *Apprendi*, the Supreme Court declined to revisit *Almendarez-Torres*, and held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 489-90, 120 S. Ct. at 2362-63. *See also United States v. Thomas*, 242 F.3d 1028, 1035 (11th Cir. 2001) (observing that *Apprendi* specifically excluded the fact of a prior conviction from its holding and affirming 18 U.S.C. § 924(e)(1)-enhanced sentence, pursuant to *Almendarez-Torres*).

The Supreme Court in *Harris v. United States*, 536 U.S. 545, 122 S. Ct. 2406, 153 L. Ed. 2d 524 (2002), dealt with the application of *Apprendi* to a statute increasing the mandatory minimum sentence based on facts neither charged in the indictment nor proved to a jury beyond a reasonable doubt. In *Harris*, the defendant was convicted of violating the federal drug and firearms laws, which included a provision that anyone who brandished a weapon during his crime was to be sentenced to a mandatory minimum 7 years' imprisonment. *Harris*, 536 U.S. at 550-51, 122 S. Ct. at 2410-11; *see* 18 U.S.C. § 924(c)(1)(A). The indictment said nothing about brandishing a weapon and did not reference this statute; however, the defendant was sentenced to the mandatory minimum sentence based on the sentencing judge's finding by a preponderance of the evidence that the defendant brandished a weapon. *Harris*, 536 U.S. at 551, 122 S. Ct. at 2411.

When discussing the effect of the *Apprendi* rule on the factual findings made by the sentencing judge, the Supreme Court held that there was a fundamental difference between factual findings used to extend the defendant's sentence beyond the statutory maximum, and those used to increase the mandatory minimum (but not extending the sentence beyond the statutory maximum), holding that a statute may reserve the latter factual finding for the judge, without violating the Constitution. *Harris*, 536 U.S. at 566, 122 S. Ct. at 2419 ("it is beyond dispute

4

that the judge's choice of sentences within the authorized range may be influenced by facts not considered by the jury").

The Supreme Court revisited the *Apprendi* rule in *Blakely v. Washington*, in the context of Washington state's sentencing guideline scheme, and clarified that "the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." *Blakely*, 542 U.S. at ___, 124 S. Ct. at 2534-2538.

In its recent *Booker* decision, the Supreme Court again reaffirmed its holding first pronounced in *Apprendi*, holding that "[a]ny fact (other than a prior conviction), which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *United States v. Booker*, 543 U.S. at ___, 125 S. Ct 738, 756, 160 L. Ed. 2d 621 (2005). "The reason for the exception for prior convictions is clear: 'a prior conviction must itself have been established through procedures satisfying the fair notice, reasonable doubt, and jury trial guarantees.'" *United States v. Orduno-Mireles*, 405 F.3d 960, 962 (11th Cir. 2005) (quoting *Jones v. United States*, 526 U.S. 227, 249, 119 S. Ct. 1215, 1227, 143 L. Ed. 2d 311 (1999)).

Because in Jones's case, like in *Harris*, the application of the armed career criminal provision merely triggered a mandatory minimum sentence, and did not act to increase Jones's sentence beyond the statutory maximum, we conclude no constitutional violation occurred when the judge imposed a mandatory minimum sentence based upon prior convictions that were not alleged in the indictment. Accordingly, we affirm Jones's sentence.

**AFFIRMED.**