United States Court of Appeals,

Eleventh Circuit.

No. 95-3107.

UNITED STATES of America, Plaintiff-Appellee,

v.

Charles OWENS, Defendant-Appellant.

Jan. 22, 1997.

Appeal from the United States District Court for the Northern District of Florida. (No. 94-4059-CR-WS), William Stafford, Judge.

Before ANDERSON, Circuit Judge, and HENDERSON and KRAVITCH, Senior Circuit Judges.

ANDERSON, Circuit Judge:

Defendant-appellant Charles David Owens was convicted by a jury for possession of an unregistered rifle with a seven-inch barrel in violation 26 U.S.C.A. § 5861(d). On appeal, Owens contends the following: (1) that his due process rights were violated because 26 U.S.C.A. § 5861(d) is ambiguous; and, (2) that the district court committed reversible error in failing to instruct the jury that the government must prove that Owens knew that the NFA required the short-barreled rifle in his possession to be registered.[1]

---

[1]Appellant also contends that the evidence regarding Owens' possessory interest in the firearm is insufficient to sustain his conviction. Specifically, he argues that he had merely transitory possession of a weapon. We need not in this opinion define the outer limits of conduct amounting to possession because Owens actually placed the seven-inch barrel in the carbine while selling it to the undercover Bureau of Alcohol, Tobacco and Firearms agent, Donald Williams. In light of the ample evidence of possession in this case, we readily conclude that appellant actually possessed the firearm. *See United States v. Pedro,* 999 F.2d 497, 498 (11th Cir.1993); *United States v. Bogden,* 865 F.2d 124 (7th Cir.1988), *cert. denied,* 490 U.S. 1010, 109 S.Ct. 1652, 104 L.Ed.2d 166 (1989). Appellant's other

## I. *FACTS*

At the time of his arrest, appellant was working part-time at the Sports and Athletic Consignment Shop. While at work on October 5, 1994, appellant waited on undercover Agent Donald Williams of the Bureau of Alcohol, Tobacco and Firearms (ATF).[2] Upon observing an Uzi mini-carbine on the second shelf of a glass case, Agent Williams asked Owens how it was operated, and what parts were included with it. Owens offered to sell to Agent Williams the following parts with the carbine: six magazines, two barrels (one seven inches, and one nineteen and three quarters inches), an extra trigger shroud, an extra trigger grip, a barrel shroud, a sling, an instruction manual, a cleaning kit, a cleaning tool and a shoulder holster. The two barrels which Owens offered to sell with the carbine also were on the second shelf of the glass case. Agent Williams testified that during the course of their discussion regarding the operation of the carbine, Owens placed the seven-inch barrel into the carbine. It is undisputed that the weapon was not registered. At trial, Owens denied putting the seven-inch barrel onto the carbine.

## II. *DISCUSSION*

A. *Whether appellant's conviction under 26 U.S.C.A. § 5861(d) denied him of due process.*

Under the National Firearms Act (NFA), 26 U.S.C.A. § 5861(d)

---

arguments on appeal are also without merit and warrant no discussion.

[2]The undercover investigation was initiated because the Bureau was notified by U.S. Customs Agent William Maxey, who is a federal firearms licensee, that a short-barreled Uzi carbine was in the consignment shop.

makes it unlawful for any person to "possess a firearm which is not registered to him in the National Firearms Registration and Transfer Record." The term "firearm" is defined in 26 U.S.C.A. § 5845(a)(3) as, *inter alia,* "a rifle having a barrel or barrels of less than 16 inches in length."[3] A "rifle" is defined as:

> [A] weapon designed or redesigned, made or remade, and intended to be fired from the shoulder and designed or redesigned and made or remade to use the energy of the explosive in a fixed cartridge to fire only a single projectile through a rifled bore for each single pull of the trigger, and shall include any such weapon which may be readily restored to fire a fixed cartridge.

26 U.S.C.A. § 5845(c).

On appeal, appellant argues that he was denied due process guaranteed by the Fifth Amendment because the statute under which he was prosecuted, 26 U.S.C.A. § 5861(d), is ambiguous.[4] According to appellant, it is unclear whether § 5861(d) covers the mere possession of unassembled parts without being registered, when those parts can be assembled into either an illegal or legal

---

[3]A rifle with a barrel of longer than 16 inches is not regulated by the NFA.

[4]Appellant also argues that his due process rights were violated because there is an inherent conflict between 26 U.S.C.A. § 5861, which prohibits possession of an unregistered rifle with a barrel of less than 16 inches, and 18 U.S.C.A. § 922(b)(4), which prohibits "any licensed importer, licensed manufacturer, licensed dealer, or licensed collector to sell or deliver—to any person any ... short-barreled shotgun, ... except as specifically authorized by the Secretary consistent with public safety and necessity." Appellant's argument is foreclosed by our decision in *United States v. Rivera,* 58 F.3d 600 (11th Cir.1995). *See also United States v. Ardoin,* 19 F.3d 177 (5th Cir.), *cert. denied,* --- U.S. ----, 115 S.Ct. 327, 130 L.Ed.2d 287 (1994); *United States v. Ridlehuber,* 11 F.3d 516, 526 (5th Cir.1993); *United States v. Ross,* 9 F.3d 1182 (7th Cir.), *vacated on other grounds,* 40 F.3d 144 (7th Cir.1993); *United States v. Jones,* 976 F.2d 176 (4th Cir.1992), *cert. denied,* 508 U.S. 914, 113 S.Ct. 2351, 124 L.Ed.2d 260 (1993); *United States v. Aiken,* 974 F.2d 446, 448 (4th Cir.1992).

weapon.   In support of his contention, appellant relies upon the plurality opinion authored by Justice Souter in *United States v. Thompson/Center Arms Co.,* 504 U.S. 505, 112 S.Ct. 2102, 119 L.Ed.2d 308 (1992) (Rehnquist, C.J., O'Connor, J., joining in the opinion). Although *Thompson/Center* arose in a somewhat different context, appellant contends that it supports his argument that § 5861(d) does not unambiguously prohibit the possession without registration of the unassembled parts involved in this case.   We need not address this argument because the jury found that appellant Owens assembled the weapon with the seven-inch barrel, and as assembled it was clearly an unregistered rifle "having a barrel ... of less than 16 inches in length."  26 U.S.C.A. § 5845(a)(3).   Thus, Owens possessed the weapon assembled with the seven-inch barrel.  Because the statute, as applied to Owens, clearly was not vague, we need not consider whether the effect of the statute is uncertain with respect to other litigants.   *See United States v. Nat'l Dairy Products Corp.,* 372 U.S. 29, 83 S.Ct. 594, 9 L.Ed.2d 561 (1963); *United States v. Hicks,* 980 F.2d 963 (5th Cir.1992), *cert. denied,* 507 U.S. 998, 113 S.Ct. 1618, 123 L.Ed.2d 178 (1993).

B. *Whether the district court's jury instructions constituted reversible error.*

    Appellant contends that the district court's jury instructions amounted to reversible error.   At the charge conferences, appellant had argued that *Staples v. United States,* 511 U.S. 600, 114 S.Ct. 1793, 128 L.Ed.2d 608 (1994), requires the government to prove not only that the defendant knowingly possessed a rifle with a barrel of less than 16 inches, but also to prove that the defendant knew the firearm had to be registered under the

NFA.  The district court rejected appellant's interpretation of *Staples* and charged the jury as follows:

> The defendant can be found guilty of this offense charged in this indictment only if the following facts are proved beyond a reasonable doubt ...:  First, that the defendant knowingly possessed a rifle having a barrel less than 16 inches in length;  and second, that this short-barreled rifle was not then registered to the defendant in the National Firearms Registration and Transfer Record.  It is not necessary for the government to prove that the defendant knew that the item described in the indictment was a firearm that the law requires to be registered.

We reject appellant's interpretation of *Staples,* and find no error in the district court's instructions.[5]  Appellant reads *Staples* broader than its self-described "narrow" holding.  *Staples,* 511 U.S. at ----, 114 S.Ct. at 1804.  While *Staples* requires the government to prove a defendant's "[knowledge] of the features of [the weapon] that brought it within the scope of the Act," *id.,* it does not require that the government prove that a defendant knew that the firearm in his or her possession had to be registered under the Act.  *Id.* at ---- - ----, 114 S.Ct. at 1798-99 (distinguishing *Staples* from *United States v. Freed,* 401 U.S. 601, 91 S.Ct. 1112, 28 L.Ed.2d 356 (1971), which held that where a defendant knows the items he possessed had the features described in the statute (grenades there), the government need not prove that the defendant also knew they were unregistered);  *see also id.* at ---- n. 3, 114 S.Ct. at 1806 n. 3 ("a defendant who knows he

_____

[5]This Court's decision in *United States v. Rogers,* 94 F.3d 1519 (11th Cir.1996), is distinguishable from this appeal.  In *Rogers,* "the district court, over a defense objection, refused to inform the jury that the Government had the burden of showing Rogers "knew th[e] items in question were firearms' under the Act" (i.e. the court did not tell the jury that the defendant had to know the weapon had the characteristics or features that brought it within the scope of the NFA).  *Id.* at 1523.

possesses a weapon with all of the characteristics that subject it to registration, but was unaware of the registration requirement ... may be convicted under § 5861(d)"); *accord United States v. Mains,* 33 F.3d 1222, 1229 (10th Cir.1994) (where the Tenth Circuit held that the district court's jury instructions which required that the defendant have "knowingly possessed a shotgun with a barrel length of less than 18 inches or an overall length less than 26 inches" were consistent with *Staples,* the court stated that the government was not required to prove that the defendant knew that such possession was illegal).

### III. *CONCLUSION*

For the foregoing reasons, appellant's conviction is affirmed.

AFFIRMED.