[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 30, 2005
THOMAS K. KAHN
CLERK

No. 04-11921
Non-Argument Calendar

_____

D. C. Docket No. 03-00358-CR-T-27-TGW

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SIDNEY R. BEACHER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(November 30, 2005)

Before ANDERSON, HULL and WILSON, Circuit Judges.

PER CURIAM:

Sidney Beacher appeals his conviction for possession of an unregistered

destructive device, in violation of 26 U.S.C. §§ 5861 and 5871.  On appeal, Beacher

argues that the evidence presented at trial was insufficient to support either the

district court's denial of his motion for judgment of acquittal or the jury verdict

because there was no evidence that the device in question was made to be a

destructive device, pursuant to 26 U.S.C. § 5845.  He argues that his device fell

within the § 5845(f) exclusion for devices not designed or redesigned as weapons,

because it was only a firework intended just to produce a loud noise.  Pointing to

United States v. Worstine, 808 F.Supp. 663 (N.D. Ind. 1992), and United States v.

Hammond, 371 F.3d 776 (11th Cir. 2004), Beacher argues that, because the design

of the device did not contain extra items intended as shrapnel, it was not a

destructive device. Pointing to characteristics mentioned in Hammond, Beacher

further argues that his device was not designed as a weapon, objectively or

subjectively, because his device did not contain any of the items mentioned in

Hammond that could cause a device to be classified as destructive.  Beacher also

contends that his device was used only for the entertainment purpose of creating a

loud noise and had no features that would eliminate the entertainment value of the

device.

　　We review "de novo the district court's denial of a motion for judgment of

acquittal, applying the same standard used in reviewing the sufficiency of the

evidence." United States v. Descent, 292 F.3d 703, 706 (11th Cir. 2002). We must determine whether, viewing "the facts, and draw[ing] all reasonable inferences therefrom, in the light most favorable to the government," a "reasonable fact-finder could conclude that the evidence established the defendant's guilt beyond a reasonable doubt." United States v. Hansen, 262 F.3d 1217, 1236 (11th Cir. 2001) (internal quotations and citation omitted); United States v. Pistone, 177 F.3d 957, 958 (11th Cir. 1999).

To convict a defendant of possession of an unregistered destructive device, in violation of § 5861(d), the government must show that the defendant knowingly possessed a destructive device that was not registered. United States v. Crawford, 906 F.2d 1531, 1534 (11th Cir. 1990). The government also must prove that the defendant knew of the features of his device that brought it within the scope of the statute. Staples v. United States, 511 U.S. 600, 619, 114 S.Ct. 1793, 1804, 128 L.Ed.2d 608 (1994). However, the government is not required to prove that the defendant knew that the device was a "firearm" within the meaning of the statute or that registration was required. United States v. Owens, 103 F.3d 953, 956 (11th Cir. 1997).

Under § 5845(f), a destructive device is, in relevant part, any (1) explosive bomb, (2) weapon, by whatever name known, that will, or that readily may be

3

converted to, "expel a projectile by the action of an explosive or other propellant, the barrel or barrels of which have a bore of more than one-half inch in diameter," or (3) "combination of parts either designed or intended for use in converting any device into a destructive device as defined." 26 U.S.C. § 5845(f)(1)(A), (2), and (3). "The term 'destructive device' shall not include any device which is neither designed nor redesigned for use as a weapon," or "any device, although originally designed for use as a weapon, which is redesigned for use as a signaling, pyrotechnic, line throwing, safety, or similar device." Id. In determining whether a device is designed or redesigned for use as a weapon, the critical inquiry is:

> whether the device, as designed, has any value other than as a weapon. In this inquiry, the presence of design features that eliminate any claimed entertainment or other benign value supports a finding that the device was designed as a weapon. On the other hand, evidence that does not unambiguously support the inference that the explosive device has no legitimate social value or use does not support a finding that the device was designed as a weapon.

Hammond, 371 F.3d at 781. Design features that could support a finding that a device was designed as a weapon include objects that could act as shrapnel upon explosion, injuring those in the vicinity, and the expulsion of projectiles. Id. at 780-81.

Because a reasonable fact-finder could conclude that the evidence established beyond a reasonable doubt that Beacher knowingly possessed an

4

unregistered destructive device while knowing of its destructive characteristics, the evidence was sufficient. Agent Campbell testified at trial that encasing the sparklers in PVP pipe, as Beacher had done, did nothing to enhance the loud noise produced by the explosion and instead created plastic shrapnel. He also testified that the sparklers Beacher used contained sixteen to eighteen grains, compared to the standard consumer sparkler, which contains only two. Additionally, he testified that the plastic shrapnel from the bombs could injure a person standing nearby and inflict property damage. Finally, Campbell testified that the wrapped sparklers placed in the PVP pipe "as a fragmenting sleeve . . . would definitely have no social, industrial or commercial value." Beacher referred to the device as a pipe bomb and told one of the agents that it needed to be set off in an alley, for safety reasons. In light of this sufficient testimony, we affirm.

**AFFIRMED.**[1]

---

[1] Beacher's request for oral argument is denied.