[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-13618
Non-Argument Calendar
_____

D.C. Docket No. 6:15-cr-00390-KOB-SGC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GERALD WIDEMAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama - Jasper

_____

(September 7, 2018)

Before MARTIN, JILL PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Gerald Wideman appeals his convictions for being a felon in possession of a firearm and for possession of an unregistered firearm. First, Wideman asserts the district court erred by denying his motion to suppress. Second, Wideman contends the district court erred by admitting evidence at trial regarding marijuana found growing on his property. Third, Wideman argues the post-verdict dismissal of a charge for possessing a firearm with a removed serial number charge resulted in a prejudicial spillover. Finally, Wideman urges the evidence was insufficient to sustain his convictions. After review, we affirm.

## I.  DISCUSSION

*A. Motion to Suppress*[1]

The Fourth Amendment protects the "right of people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. CONST. amend. IV. The exclusionary rule "bars the prosecution from introducing evidence obtained by way of a Fourth Amendment violation." *See Davis v. United* States, 564 U.S. 229, 232 (2011). The exclusionary rule also prohibits the introduction of derivative evidence, or evidence acquired as an indirect result of an unlawful search, up to the point at which the connection with

---

[1] The review of a district court's denial of a motion to suppress is a mixed question of law and fact. *United States v. Delancy*, 502 F.3d 1297, 1304 (11th Cir. 2007). We accept factual findings as true unless they are clearly erroneous, and review the district court's interpretation of the law de novo. *Id.* The facts are construed in the light most favorable to the prevailing party. *United States v. Bervaldi*, 226 F.3d 1256, 1262 (11th Cir. 2000).

the unlawful search becomes so attenuated as to dissipate the taint of the unlawful search. *Murray v. United States*, 487 U.S. 533, 537 (1988).

The question before us is whether the district court correctly declined to exclude the firearms seized during a search of Wideman's property. The district court applied the independent source doctrine, which provides that evidence obtained from a lawful source that is independent of any Fourth Amendment violation is admissible. *Id.* at 537–38. When a government agent makes a warrantless entry that arguably violates the Fourth Amendment and then relies in part on what he saw during that entry to obtain a search warrant, we apply a two-part test to determine whether evidence seized during the execution of the warrant was discovered independent of the illegal entry. *United States v. Noriega*, 676 F.3d 1252, 1260 (11th Cir. 2012). First, we excise from the search warrant affidavit any illegally gained information, and then we determine whether the remaining information is enough to support a probable cause finding. *Id.* If the remaining information is enough to support a probable cause finding, the second thing we do is determine whether the officer's decision to seek a warrant was "prompted by" what he saw during the illegal entry. *Id.* If the officer would have sought a warrant even without the illegally obtained information, the evidence seized under the warrant is admissible. *Id.* at 1261.

3

Here, the district court correctly determined that the independent source doctrine applied.  After the district court excised any illegally obtained information from the warrant affidavit, the remaining information—namely, aerial observation of the marijuana plants growing on Wideman's property—was sufficient to establish probable cause for the issuance of a search warrant.  Second, the district court's factual finding that Agent Wiggins and Sergeant Williams would have sought a search warrant based solely on the information gathered from the aerial observation is supported by the record.  The district court credited the agents' testimony that they would have sought a search warrant based on the aerial observation alone, and nothing in the record conflicts with that conclusion.  Accordingly, we affirm the denial of Wideman's motion to suppress.

*B. Admission of Evidence*[2]

Second, Wideman contends the district court erred in admitting drug-related evidence at trial.  Relevant evidence is, as a general rule, admissible. Evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence and the fact is of consequence in determining the action. Fed. R. Evid. 401.  But Federal Rule of Evidence 403 provides that relevant

---

[2] We review evidentiary rulings for an abuse of discretion.  *United States v. Thomas*, 242 F.3d 1028, 1031 (11th Cir. 2001).

evidence may be excluded if its probative value is substantially outweighed by a danger of unfair prejudice.  Fed. R. Evid. 403.

The district court did not abuse its discretion by admitting evidence related to the marijuana plants.  In *United States v. McLean*, 138 F.3d 1398, 1403 (11th Cir. 1998), we held that evidence that pertains to "the chain of events explaining the context, motive and set-up of the crime" is admissible if it is "linked in time and circumstances with the charged crime, or forms an integral and natural part of an account of the crime, or is necessary to complete the story of the crime for the jury."  Drug related evidence that is "in sufficiently close proximity, temporally and physically," to the discovery of charged firearms is "relevant to proving that [a defendant] knowingly possessed the weapons."  *United States v. Thomas*, 242 F.3d 1028, 1032 (11th Cir. 2001).

The marijuana plants on Wideman's property were in close proximity, both temporally and physically, to the charged firearms discovered in the mobile home and the trailer.  The marijuana was discovered on the same day as the charged firearms.  In excess of 50 marijuana plants were located approximately 30 yards from the mobile home, and the mobile home residence was located another 30 yards from the trailer.  Nothing in the record indicates that access to the marijuana plants from the mobile home

and trailer was obstructed by vegetation, fencing, or any other impediment.

Thus, the drug-related evidence was properly admitted to show Wideman

knowingly possessed the charged firearms.

*C. Prejudicial Spillover*[3]

Dismissal of some counts charged in the indictment does not automatically

warrant reversal of convictions reached on remaining counts. *United States v.*

*Prosperi*, 201 F.3d 1335, 1345 (11th Cir. 2000). Rather, we consider "whether the

convictions were the result of prejudicial spillover: that is, was there evidence

(1) that would not have been admitted but for the dismissed charges and (2) that

was improperly relied on by the jury in their consideration of the remaining

charges." *Id.*

Here, we proceed to the second step of the inquiry because there is no reason

to believe that Sergeant Williams's testimony opining that the serial number had

been obliterated or removed, or that the government's statements at closing would

have been admissible at trial had Count Two not been charged. In evaluating the

second step, we consider several factors: (1) "whether the jury meticulously sifted

the evidence admitted for all counts"; (2) "whether the contested evidence was

inflammatory in nature, and thus liable to prejudice the jury"; (3) "whether

---

[3] A "prejudicial spillover" claim is reviewed for an abuse of discretion. *United States v. Hamblin*, 911 F.2d 551, 559 (11th Cir. 1990).

6

admission of the other evidence significantly altered the defendant's trial strategy";
and (4) "the strength of the evidence against the defendant on the remaining
counts." *Id.* at 1346.

On balance, nothing in the record indicates that the evidence admitted in
relation to Count Two was improperly relied on by the jury in considering the
other charges. First, there is nothing in the record to indicate that the jury did not
follow the district court's instruction that each charge and the evidence pertaining
to it should be considered separately. The district court further explained that the
fact that the jury may find the defendant guilty or not guilty as to one of the
offenses charged should not affect the verdict as to any other offense charged.
*Richardson v. Marsh*, 481 U.S. 200, 211 (1987) (juries are presumed to follow
their instructions). Second, there is no indication that the evidence admitted
specific to Count Two altered Wideman's trial defense strategy. And, finally, and
the evidence against Wideman on the remaining counts was sufficient to support
the jury's convictions. Thus, even assuming some of the evidence specific to
Count Two was liable to prejudice the jury, the calculus supports the district
court's conclusion.

*D. Sufficiency of the Evidence*[4]

With regard to the felon-in-possession count, the Government must prove (1) the defendant knowingly possessed a firearm; (2) that the defendant was a convicted felon; and (3) that the firearm was in or affecting interstate commerce. *United States v. Green*, 873 F.3d 846, 852–54 (11th Cir. 2017). The Government may satisfy the possession prong by showing either actual or constructive possession. *United States v. Leonard*, 138 F.3d 906, 909 (11th Cir. 1998). To prove actual possession the evidence must show that the defendant must have had either physical possession of or personal dominion over the thing allegedly possessed. *Id.* Constructive possession exists when a defendant has ownership, dominion, or control over an object itself or dominion or control over the premises in which the object is concealed. *Id.*

Here, there was sufficient evidence that Wideman had at least constructive possession of the guns found in the trailer and the mobile home. The evidence established that Wideman had dominion and control over the guns located in the mobile home because property records established that Wideman acquired the property where the mobile home residence was located in 1983, and a tax record

---

[4] We review challenges to the sufficiency of the evidence supporting a criminal conviction de novo. *United States v. Wilchcombe*, 838 F.3d 1179, 1188 (11th Cir. 2016). The evidence, viewed in a light most favorable to the government, must be such that a reasonable trier of fact could find the evidence established guilt beyond a reasonable doubt. *Id.* We will not reverse "unless no reasonable trier of fact could find guilt beyond a reasonable doubt." *United States v. Farley*, 607 F.3d 1294, 1333 (11th Cir. 2010).

established that he was the owner of the property at the time of the search; a copy of Wideman's 2006 felony conviction listed Wideman's address as 647 Wideman Road, the address where the mobile home residence was located; Wideman drove his car onto the property where the mobile home residence was located on the day of the search; officers located a wallet containing Wideman's driver's license and a package addressed to Wideman dated less than one week before the day of the search inside the mobile home residence; and Wideman purchased one of the charged guns discovered in the mobile home residence himself. Although officers did not discover a key to the trailer on Wideman's person, the evidence was sufficient to support a finding that Wideman also constructively possessed the guns discovered in the trailer. The trailer was located on Wideman's property 30 yards away from the mobile home residence where Wideman lived. Additionally, no evidence at trial showed that another person had access to the trailer located on Wideman's property. Accordingly, the evidence was sufficient to establish that Wideman knowingly possessed the guns charged in Count One.

Section 5861(d) makes it unlawful for any person to "possess a firearm which is not registered to him in the National Firearms Registration and Transfer Record." 26 U.S.C. § 5861(d). The term "firearm" is defined as, among other things, "a shotgun having a barrel or barrels of less than 18 inches in length." 26 U.S.C. § 5845(a). The Government must prove beyond a reasonable doubt that the

defendant knew that the weapon he possessed had the characteristics that brought it within the statutory definition of a firearm. *United States v. Miller*, 255 F.3d 1282, 1286 (11th Cir. 2001). The Government is not, however, required to prove that the defendant knew that the firearm in his possession had to be registered. *United States v. Owens*, 103 F.3d 953, 956 (11th Cir. 1997).

In *Miller*, the defendant argued that there was absolutely no evidence at trial which suggested that he knew that the shotgun he possessed had a barrel of less than 18 inches. *Miller*, 255 F.3d at 1286. At trial, the Government presented evidence that the shotgun was 15 ½ inches long. *Id.* at 1287. Although the Government presented no direct evidence that the defendant knew the shotgun's barrel was shorter than 18 inches, we concluded there was ample circumstantial evidence to support the conclusion that the defendant knew the barrel's length was less than 18 inches, namely, that the barrel's length was a patently obvious characteristic readily apparent to anyone who observed the gun. *Id.* Here, because both shotguns' barrel lengths were readily apparent, and less than 18 inches, there was sufficient evidence establishing Wideman guilty beyond a reasonable doubt.

## II. CONCLUSION

Accordingly, we affirm.

**AFFIRMED.**

10