[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 18, 2006
THOMAS K. KAHN
CLERK

No. 05-16989
Non-Argument Calendar

_____

D. C. Docket No. 05-14007-CR-JEM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ARMANDO RIVERA, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(July 18, 2006)**

Before CARNES, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Armando Rivera, Jr., appeals his 175-month concurrent sentences, imposed after he pled guilty to two counts of possession of a firearm and two counts of possession of ammunition by a convicted felon, a violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). On appeal, he argues that the district court violated his Fifth and Sixth Amendment rights because the prior convictions for violent felonies that required classifying him as an armed career criminal were neither charged in the indictment nor proven to a jury and because mandatory minimum sentences are unconstitutional. For the reasons set forth more fully below, we affirm.

A grand jury returned a four-count indictment charging Rivera with four counts of possession of a firearm or ammunition by a convicted felon in violation of 18 U.S.C. § 922(g)(1). With respect to counts two through four, the indictment also charged Rivera under 18 U.S.C. § 924(e), which provides for a mandatory minimum 15-year sentence for a defendant who is convicted under § 922(g)(1) and who has three previous convictions for violent felonies or serious drug offenses. 18 U.S.C. § 924(e)(1). The indictment named only one prior conviction for the state crime of armed bank robbery.

At Rivera's plea colloquy, the government informed him that, if he were found to be a career criminal, he would be subject to a mandatory prison term of at

2

least 15 years. Rivera agreed, and added that, if he were not found to be a career criminal, his statutory maximum term of imprisonment would be only ten years. The government indicated that its position was that Rivera was an armed career criminal, and, therefore, subject to a minimum of 15 years and a maximum of life imprisonment under 18 U.S.C. § 924(e), which Rivera understood.

The government then offered the following factual proffer. On November 5, 2004, while under probation supervision, a probation officer, with the assistance of the Highlands County Sheriff's office, executed a warrantless search at Rivera's residence, which was authorized by the terms of Rivera's probation. The officers, while performing their search, noticed a loaded handgun as well as a white powder, later identified as cocaine powder, in a bedroom. The handgun and eight rounds of ammunition seized from the gun formed the basis for Counts One and Two. The officers also observed a .9 millimeter semi-automatic hand gun, concealed inside two garden-style gloves. The clip of the gun contained 12 rounds. The gun and rounds formed the basis for Counts Three and Four. Both firearms and all ammunition was found to have been manufactured outside the state of Florida, where the crime occurred. Rivera agreed to all of the facts as presented by the government. The court accepted Rivera's plea as knowing and voluntary.

Pursuant to § 4B1.4(a), Rivera was found to be an armed career criminal

because he was subject to an enhanced sentence under 18 U.S.C. § 924(e) for having at least three prior convictions for violent felonies. The PSI named the following prior convictions: (1) February 7, 1990, for armed burglary, armed robbery, false imprisonment, and aggravated assault; (2) February 7, 1990, for a separate count of armed robbery; and (3) June 25, 1993, for armed robbery. The PSI further noted that the firearms were possessed in connection with the controlled substance violations of possession of cocaine with intent to sell within 1,000 feet of a school and possession of cannabis with intent to sell within 1,000 feet of a school. Thus, pursuant to U.S.S.G. § 4B1.4(b)(3)(A), Rivera's offense level was set at 34. He received a three-level reduction for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(a) and (b), for a total offense level of 31. Based on his armed career criminal status, Rivera was placed in criminal history category VI, which, at offense level 31, provided for a recommended sentencing range of 188 to 235 months. The mandatory minimum sentence was 15 years.

Rivera objected to his classification as an armed career criminal because the prior convictions that qualified him as an armed career criminal were neither alleged in the indictment nor admitted by the defendant at his plea, and, therefore, the district court did not have the constitutional authority to increase the maximum

4

penalty of ten years authorized for a violation of 18 U.S.C. § 922(g)(1).

Additionally, Rivera filed a written objection, acknowledging that "controlling precedent [was] adverse to his position," but arguing that, under United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed. 2d 621 (2005) and Shepard v. United States, 544 U.S. 13, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005), the district court no longer had the constitutional authority to find that he had three prior convictions for a violent felony or serious drug offense so as to enhance his sentence under 18 U.S.C. § 924(e). Rivera argued that such findings were facts "about a prior conviction," prohibited by Shepard, if not also by the implicit overruling of Almendarez-Torres v. United States, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Moreover, Rivera argued that his case was distinguishable from cases such as Harris v. United States, 536 U.S. 545, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002), because here, the 180-month mandatory minimum under 18 U.S.C. § 924(e) exceeded the otherwise 120-month maximum sentence provided for by 18 U.S.C. § 924(a)(2). Accordingly, Rivera requested that he be sentenced without application of § 924(e)'s mandatory minimum sentence. Rivera also requested that his sentence be adjusted 13 months to reflect time served due to an undischarged term of imprisonment as of November 5, 2004.

At sentencing, the district court overruled Rivera's objection to being

classified as an armed career criminal, finding that "the law is settled that you can, in fact, be sentenced as an armed career criminal without it being charged in the indictment." After considering the PSI, the advisory guidelines, and the factors set forth at 18 U.S.C. § 3553(a), the court found that a sentence at the bottom of the advisory guideline range was appropriate, and, therefore, sentenced Rivera to 188 months' imprisonment. However, the court granted Rivera's request for credit as to time served, and, pursuant to U.S.S.G. § 5G1.3(b), adjusted the sentence for the 13 months Rivera had already served for conduct relevant to the instant offense. Thus, the court's ultimate sentence was a net of 175 months' imprisonment on each count to run concurrently.

On appeal, Rivera argues that, in light of Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 421 (2005), the district court violated his Sixth Amendment right to a jury and Fifth Amendment right to an indictment when it enhanced his sentence above the statutory maximum for a § 922(g)(1) offense on the basis of prior convictions which were not charged, admitted, or found in a jury verdict. Rivera further argues that, while the fact of a prior conviction is excepted from the rule in Apprendi, a majority of the Supreme Court now disagrees with the

6

logic of that exception. Moreover, Rivera argues that <u>Shepard</u> prevents judges from finding facts "about" a prior conviction, which, he argues, means that the court in this case could not constitutionally find that he had three prior convictions "for a violent felony or serious drug offense or both" because these are facts "about" a prior conviction. Rivera argues that <u>Almendarez-Torres</u> is now a gravely wounded precedent, and, therefore, it should not control this issue. Next, Rivera argues that, because the 180-month mandatory minimum of § 924(e) exceeds the 10-year maximum otherwise applicable under § 924(a)(2), it violates <u>Apprendi</u> and is not controlled by <u>Harris</u>, <u>supra</u>. Rivera further argues that <u>Booker</u> has cast doubt on the validity of mandatory minimum sentences based on judicial findings of prior convictions. While Rivera notes that this Court has upheld mandatory minimum sentences under the Armed Career Criminal Act, he distinguishes his case because here, the prior convictions were not alleged in the indictment. Thus, he requests that he be sentenced as a felon in possession of firearms and ammunition under § 922(g) without the armed career criminal enhancement.

Where a defendant makes a constitutional challenge to his sentencing enhancements,we conduct a <u>de novo</u> review and will also review for harmless error. <u>United States v. Paz</u>, 405 F.3d 946, 948 (11th Cir. 2005). We have held that

7

there are two possible Booker errors, the first being the constitutional error of extra-verdict sentence enhancements, and the second being the statutory error of applying the guidelines in a mandatory fashion. United States v. Mathenia, 409 F.3d 1289, 1291 (11th Cir. 2005). Only the constitutional error is at issue here, and, therefore, to the extent that there was any error, the burden is on the government to show, beyond a reasonable doubt, that the error did not contribute to the defendant's sentence. Id.

In Apprendi, the Supreme Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi, 530 U.S. at 490, 120 S.Ct. at 2362-63. In Booker, the Supreme Court, evaluating the constitutionality of the Federal Sentencing Guidelines, held that the mandatory nature of the Federal Guidelines rendered them incompatible with the Sixth Amendment's guarantee of a right to a jury trial. Booker, 543 U.S. at 232-35,125 S.Ct. at 749-51. In so doing, the Court affirmed its holding in Apprendi: "Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Booker, 543 U.S at 244, 125 S.Ct. at 756.

8

Post-Apprendi, we relied on Almendarez-Torres, to hold that a defendant's Fifth and Sixth Amendment rights did not include having the three predicate felonies to trigger the statutory, mandatory minimum 15-year sentence under ACCA charged in an indictment or proven to a jury. United States v. Thomas, 242 F.3d 1028, 1034-35 (11th Cir. 2001). Post-Booker, we have held that nothing in Booker disturbed the Supreme Court's holdings in Almendarez-Torres or Apprendi, and that a district court, therefore, does not err by relying on prior convictions to enhance a defendant's sentence. See United States v. Gibson, 434 F.3d 1234, 1246-47 (11th Cir. 2005); United States v. Orduno-Mireles, 405 F.3d 960, 962-63 (11th Cir.), cert. denied, 126 S.Ct. 223 (2005); see also United States v. Gallegos-Aguero, 409 F.3d 1274, 1276-77 (11th Cir. 2005); United States v. Camacho-Ibarquen, 410 F.3d 1307, 1315-16 (11th Cir.), cert. denied, 126 S.Ct. 457 (2005). While Rivera hints that the Supreme Court's recent decision in Shepard casts doubt on the continuing validity of Almendarez-Torres as precedent, this Court has held that until the Supreme Court explicitly overrules it, Almendarez-Torres will continue to be followed. Gibson, 434 F.3d at 1247 ("Though wounded, Almendarez-Torres still marches on and we are ordered to follow."); Camacho-Ibarquen, 410 F.3d at 1316 n.3 (noting that, while the Supreme Court's decision in Shepard might cast doubt on the future of

9

Almendarez-Torres, it remains precedent). Recently, we held that the government did not have to allege prior convictions in an indictment or prove those prior convictions beyond a reasonable doubt to a jury in order to support a § 924(e) 15-year mandatory minimum sentence, and that the determination of whether the prior convictions qualified was a question for the district court, not the jury. United States v. Greer, 440 F.3d 1267, 1273-75 (11th Cir. 2006). In any event, the factual findings made by the district court could not have triggered any constitutional error because the district court was not bound by the guidelines, only by the statutory minimum. See United States v. Chau, 426 F.3d 1318, 1323 (11th Cir. 2005).

Moreover, Rivera never objected to either the fact of his prior convictions or to their characterization as violent felonies, and, therefore, those convictions are deemed admitted. United States v. Shelton, 400 F.3d 1325, 1330 (11th Cir. 2005) (holding that, where the defendant did not challenge the relevant facts in the PSI, those facts were deemed admitted, and no constitutional error occurred under Booker). Rivera previously was convicted of three armed robberies in Florida, and we have held that, under Florida law, robbery qualifies as a violent felony under 18 U.S.C. § 924(e)(2)(B)(ii). (PSI ¶ 22); United States v. Wilkerson, 286 F.3d 1324, 1325 (11th Cir. 2002). Thus, even if prior convictions were not excluded from the Booker rule, we conclude that the district court did not commit any error by relying

10

on the facts in the PSI to support the armed career criminal enhancement.

Furthermore, to the extent Rivera is arguing that Shepard applies, we conclude that there was no error. In Shepard, the Supreme Court addressed only the manner in which district courts find that a prior conviction qualifies as a violent felony under the ACCA, holding that a district court's inquiry to determine whether a plea of guilty to a non-generic statute necessarily admitted elements of the generic offense is limited "to the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information." Shepard, 543 U.S. at 16-18, 26, 125 S.Ct. at 1257-58, 1263.

Here, Rivera has not argued that the district court relied on an improper document as proof of the prior convictions, nor did he challenge the characterization of his prior convictions as "violent felonies." Therefore, nothing in Shepard applies, and, in any event, we have held that a district court is permitted to consider the nature of a prior conviction. Spears, 443 F.3d at 1361, quoting Greer, 440 F.3d at 1275 ("the district court's analysis of prior convictions includes considering the 'nature of prior convictions, without submitting those issues to the jury.'").

11

Furthermore, to the extent Rivera is challenging the use of a mandatory minimum sentence in light of Booker, nothing in Booker eliminated or declared unconstitutional mandatory minimum sentences as provided for by Congress. Post-Apprendi, the Supreme Court upheld the constitutionality of mandatory minimum sentences. Harris, 536 U.S. at 568-69, 122 S.Ct. at 2420 (holding that 18 U.S.C. § 924(c)(1)(A)(ii)'s seven-year minimum sentence for brandishing a firearm is constitutional). The Supreme Court in Booker made no mention of Harris, nor has it overruled it since.

Accordingly, we are obliged to continue following Harris, and, for that matter, Almendarez-Torres as precedent. As we have stated:

> It is not given to us to overrule the decisions of the Supreme Court. We have stated repeatedly, and with respect to the very issue presented in this appeal, that 'we are not at liberty to disregard binding case law that is so closely on point and has been only weakened, rather than directly overruled, by the Supreme Court.' This is so even if we are convinced that the Supreme Court will overturn its previous decision the next time it addresses the issue.

United States v. Gibson, 434 F.3d 1234, 1246-47 (11th Cir. 2006) (holding that, while wounded, the Supreme Court's decision in Almendarez-Torres remains binding precedent) (citations omitted). Thus, unless and until the Supreme Court holds that mandatory minimum sentences violate the Constitution, Rivera's argument lacks merit. See also United States v. Shelton, 400 F.3d 1325, 1333 n.10

12

(11th Cir. 2005) ("[w]e emphasize that the district court was, and still is, bound by the statutory minimums.").

Lastly, to the extent that Rivera argues that the prior convictions were required to be alleged in the indictment, neither Apprendi, Blakely, nor Booker implicated the Fifth Amendment, and, in any event, prior convictions were explicitly excluded from the rule that extra-verdict findings are unconstitutional if they are binding and mandatory. Booker, 543 U.S at 244, 125 S.Ct. at 756. Moreover, we recently rejected the notion that a defendant has a Fifth Amendment right to have prior convictions that trigger a Guidelines enhancement found by a grand jury and charged in his indictment because the problem with extra-verdict enhancements is their use in a mandatory guidelines system, which is no longer an issue in this case because the district court was not bound by the guidelines. United States v. Thomas, 446 F.3d 1348, 1355 (11th Cir. 2006); cf. Thomas, 242 F.3d at 1034-35 (rejecting the argument that three prior convictions for purpose of imposing 15-year statutory minimum had to be charged in an indictment and reflected in the jury's verdict); see also Gibson, 434 F.3d at 1249 ("Fifth and Sixth Amendment concerns expressed in Apprendi, Blakely and Booker are not implicated when a defendant's sentence is enhanced based on his prior convictions. . . . As far as his prior convictions are concerned, [the defendant] had no Fifth or

13

Sixth Amendment rights to waive.").

Based on the foregoing, we conclude that the district court committed no constitutional error by sentencing Rivera as an armed career criminal. We, therefore, affirm.

**AFFIRMED.**