UNITED STATES of America, Plaintiff-Appellee,

v.

Byron Keith THOMAS, Defendant-Appellant.

No. 99-12367.

United States Court of Appeals,

Eleventh Circuit.

Feb. 23, 2001.

Appeal from the United States District Court for the Southern District of Florida. (No. 98-01805-CR-DTKH), Daniel T.K. Hurley, Judge.

Before CARNES and MARCUS, Circuit Judges, and HAND[*], District Judge.

CARNES, Circuit Judge:

On June 29, 1998, a confidential informant met with Byron Keith Thomas at his residence and bought one rock of crack cocaine from him for $20.00. The same informant met with Thomas again on July 8 of that same year at or near his residence, and again purchased a rock of crack cocaine for $20.00. On July 15, 1998, an officer engaged in surveillance of Thomas' residence observed Thomas exchange money for what appeared to be a rock of crack cocaine. A search warrant was executed on Thomas' residence two days later. The search turned up a rifle wrapped inside a comforter located in a closet near the front door of the house. A second weapon, another rifle, was found inside Thomas' pickup truck which was parked in the driveway of the residence. As for cash, $110.00 was found in a wallet containing Thomas' driver's license, and $1,200.00 in cash was found on the top of a dresser in the living room. No cocaine was found at Thomas' residence, and no fingerprints were recovered from the weapons.

Thomas was charged in an indictment with one count of unlawful possession of firearms by a convicted felon, in violation of 18 U.S.C. §§ 922(g) and 924(a)(2), and two counts of possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1). The possession with intent to distribute counts arose from the June 29 and July 8, 1998 transactions with the confidential informant. After a jury panel had been selected, Thomas pleaded guilty to the two drug counts, but proceeded to trial on the firearms count.

Before opening statements, Thomas moved the court to exclude certain testimony relating to the drug

[*]Honorable William B. Hand, U.S. District Judge for the Southern District of Alabama, sitting by designation.

transactions in which he had been involved, because he had pleaded guilty to the counts stemming from those transactions. The district court, however, denied the motion and admitted that testimony at trial on the grounds that it was relevant to prove Thomas had knowingly possessed the firearms. The court found that the probative value of that evidence outweighed any prejudice. The court gave the jury a limiting instruction, stating: "[T]he testimony regarding drug activity may be admitted simply for the limited purpose of looking at whether the government is able to establish that these guns were knowingly possessed."

Thomas presented as his sole witness his wife. She testified that after finding the two rifles in her son's room she placed one in the closet and the other in the truck without ever telling her husband about them. She also claimed that the cash found during the search belonged to her. Notwithstanding the testimony of Thomas' wife, the jury convicted him of the firearms count.

At sentencing, Thomas sought a two-level downward adjustment for acceptance of responsibility based on his guilty plea to the two drug counts. The district court indicated that it would grant such a reduction if it were authorized to do so, but the court concluded that under the law of this circuit it lacked the authority to grant the reduction because Thomas had failed to accept responsibility for all three of the crimes charged against him in the indictment. In this appeal, Thomas raises four issues.

## I.

First, Thomas contends that the district court erred in admitting at his trial on the firearms count evidence of the drug transactions in which he had engaged, the transactions that had led to the two counts to which he had pleaded guilty before the trial on the firearms count began. One of the elements of the crime of being a felon in possession of a firearm, and the only element that was in dispute at the trial of this case, is that the felon was knowingly in possession of the firearm. *See United States v. Billue,* 994 F.2d 1562, 1565 n. 2 (11th Cir.1993). At trial Thomas took the position that the rifles were not his and that he had not been aware of their presence. We review evidentiary rulings for an abuse of discretion. *See United States v. Walker,* 59 F.3d 1196, 1198 (11th Cir.1995).

In a similar situation, the Court of Appeals for the Ninth Circuit held that evidence of possession of illegal drugs is relevant to determining whether a defendant knowingly possessed a weapon found in close proximity to drugs. *See United States v. Butcher,* 926 F.2d 811, 815 (9th Cir.1991). In that case, drugs found in the truck the defendant was driving at the time of his arrest were held to be relevant to proving that he

knowingly possessed, in violation of § 922(g)(1), a weapon found in the same vehicle.[1] *Id.* The Court noted the strong correlation between narcotics sales and the possession of firearms and held that the presence of the illegal drugs was "inextricably intertwined" with the possession of the weapon found in the defendant's truck. *Id.* at 816. In this type of situation, the Court held that the policies underlying Rule 404(b) are inapplicable where some of the offenses committed in a single criminal episode become "other acts" merely because the defendant is not indicted for all possible crimes. *Id.*[2]

Similarly, the Court of Appeals for the Eighth Circuit has held that evidence of drugs and "drug paraphernalia" (electronic scales, a razor blade, a sifter, one-gram vials, and a funnel) is admissible to prove possession by a convicted felon of firearms found in the same room, in violation of 18 U.S.C.App. § 1202(a)(1).[3] *See United States v. Simon,* 767 F.2d 524, 527 (8th Cir.1985). The Court reasoned that because of the known correlation between drug dealing and weapons, evidence the defendant was engaged in packaging drugs at the time of his arrest tended to prove that the guns found in the room were knowingly in his possession. *Id.*[4]

The Court of Appeals for the Eighth Circuit in *United States v. Fuller,* 887 F.2d 144, 147 (8th Cir.1989), again held that the district court did not abuse its discretion in admitting "drug paraphernalia" (which is not further defined) into evidence, this time in order to show the motive of a defendant charged with violating 18 U.S.C. § 922(g)(1). The district court in that case excluded several capsules of heroin found in

---

[1]Similar to Thomas' trial, Butcher's defense was that he was unaware of the presence of the gun and his wife testified that the gun belonged to her, she placed it in the truck, and she never told him it was there.

[2]Those policies would similarly be inapplicable here, where the defendant pleaded guilty to some, but not all, of the charges stemming from a single criminal episode.

[3]Section 1202 was the statutory forerunner of § 922(g). *See United States v. Buggs,* 904 F.2d 1070, 1075 n. 8 (7th Cir.1990).

[4]The Court of Appeals for the First Circuit has held that portions of a tape-recorded conversation between a defendant, charged with unlawful firearm possession by a convicted felon, and an informant in which the defendant offered to sell Valium were improperly admitted because the prejudicial value of that evidence outweighed its probative value under Rule 403. *See United States v. Currier,* 821 F.2d 52, 56 (1st Cir.1987). Central to that conclusion in *Currier* was the fact that "the government presented ample other proof that the defendant in fact possessed the gun," including a recorded conversation in which the defendant negotiated with an undercover agent about the sale of the gun and touted its use, *id.* at 54-56, and in that case "the defendant did not argue that the gun he was charged with possessing could have belonged to someone else in his apartment," *id.* at 56 n. 6. By contrast, that is precisely what the defendant in this case argued, and the evidence against him was not nearly as ample as that against the defendant in *Currier.*

the apartment where the defendant was arrested for possession of a sawed-off shotgun, ruling that the prejudice outweighed the probative value. *Id.* The Eighth Circuit, however, cited its earlier decision in *Simon* for the proposition that there is a "close and well-known connection between firearms and drugs" and, with little discussion, held that the drug paraphernalia was not inadmissible evidence of other crimes under Rule 404(b). *Id.*

Thomas points out that his situation is distinguishable because no drugs were found during the July 17 search of his residence during which the weapons were found. We hold, however, that the evidence of his drug trafficking was in sufficiently close proximity, temporally and physically, to be relevant to proving that he knowingly possessed the weapons. The fact that Thomas was engaged in selling crack from his home is relevant evidence from which to infer that he knowingly possessed rifles found in the closet of that home and in his truck parked in the driveway of that home.[5] Indeed, although the drugs in *Butcher* were found at the same time and in the same place as the handgun found in that defendant's truck, weapons later found in his apartment were also admitted to prove knowing possession of the handgun. *Butcher,* 926 F.2d at 816.

Moreover, we have previously held, like the Ninth Circuit, that the policies underlying Rule 404(b)[6] are inapplicable when some of the offenses committed as part of a single criminal episode become "other acts" merely because the defendant is not indicted for all of his actions, *see United States v. Aleman,* 592 F.2d 881, 885 (5th Cir.1979), or, as here, where the defendant pleads guilty to some of the charges. The evidence of Thomas' drug trafficking at his residence did not amount to the use of bad character evidence to convict Thomas of being a felon in possession of firearms because the two offenses were not "wholly separate and independent crimes." *See id.* The evidence of Thomas' drug trafficking was admitted to prove knowing possession of the firearms, not character.

---

[5]The evidence of drug sales by Thomas at his residence, coupled with (1) Thomas' 1997 conviction for discharging a firearm from a vehicle in connection with a robbery during drug-related transactions, and (2) the large amount of cash found at Thomas' residence during the July 17 search, supports the inference that Thomas was using the weapons found at his residence to protect the drug business he was conducting there. *See Butcher,* 926 F.2d at 816 (noting "nexus between guns and narcotics, and between guns and other guns"); *Simon,* 767 F.2d at 527 ("Firearms are known 'tools of the trade' of narcotics dealing because of the dangers inherent in that line of work.") (citation omitted); *see also United States v. Martinez,* 938 F.2d 1078, 1083 (10th Cir.1991) ("in admitting firearms and large amounts of cash, courts have recognized the high level of violence that is not uncommonly associated with the drug distribution business and the prevalence in this business of large-scale cash transactions") (citations omitted).

[6]Rule 404(b) is intended to prevent use of a defendant's bad character to convict him of the charged offense. *See United States v. Aleman,* 592 F.2d 881, 885 (5th Cir.1979) ("The extrinsic acts rule is based on the fear that the jury will use evidence that the defendant has, at other times, committed bad acts to convict him of the charged offense.").

We note also that the district court gave the jury an appropriate limiting instruction that the testimony of drug sales by Thomas was only to be used for the purpose of determining knowing possession of the firearms. Considering all the circumstances, we hold that the district court did not abuse its discretion by finding that the probative value of the evidence was not substantially outweighed by unfair prejudice.[7]

## II.

The second issue Thomas raises involves admission into evidence over his objection of his 1997 conviction for discharging a firearm from a vehicle, the facts of which arose in connection with a robbery during drug-related transactions. Thomas did not raise this issue in his initial brief to us, and only mentions it in a cursory fashion in his reply brief. Accordingly, Thomas has abandoned the issue. *See United States v. Stinson,* 97 F.3d 466, 470 n. 2 (11th Cir.1996) ("Issues that clearly are not designated in the initial brief ordinarily are considered abandoned.") (citation and quotation marks omitted); *Hartsfield v. Lemacks,* 50 F.3d 950, 953 (11th Cir.1995) (same); *United States v. Oakley,* 744 F.2d 1553, 1556 (11th Cir.1984) (arguments made for the first time in a reply brief are not properly before the Court).

## III.

The third issue Thomas raises concerns the district court's denial of his request for a U.S.S.G. § 3E1.1(a) two-level reduction in his offense level for acceptance of responsibility. Although sympathetic to Thomas' request, the district court denied it based on *United States v. Bourne,* 130 F.3d 1444 (11th Cir.1997). That case involved a defendant who had pleaded guilty to three counts of bank robbery, and had been awarded the two-level reduction authorized by § 3E1.1(a). *Id.* at 1446. However, the defendant had been denied the additional level of reduction authorized by § 3E1.1(b) when the guilty plea evidencing an acceptance of responsibility is provided in a timely enough fashion to be of extra benefit and value to the government. *Id.* at 1446-47. The guilty plea to one of the three robberies charged in the indictments in

---

[7]Thomas also argues that the district court improperly admitted evidence of his drug dealing to prove his motive for possessing the firearms (i.e., that he possessed his firearms to protect his drug dealing). He points out that we have held that § 922(g) is a strict liability offense, *see United States v. Deleveaux,* 205 F.3d 1292, 1298 (11th Cir.2000), and concludes that evidence as to his motive for possessing the firearms is improper.

> Although the crime of being a felon in possession of a firearm does not require any specific intent, *see United States v. Jones,* 143 F.3d 1417, 1419 (11th Cir.1998), the evidence relating to Thomas' drug dealing proves not only his motive for possessing the firearms, but also that he knowingly possessed the firearms. As such, it was properly admitted to prove one of the elements of the offense. *See Deleveaux,* 205 F.3d at 1298 ("The prosecution need show only that the defendant consciously possessed what he knew to be a firearm.").

*Bourne* had been sufficiently timely, but not so the guilty plea to the other two robberies. *Id.* Rejecting the defendant's argument that one out of three was good enough, we held that: "[t]o be entitled to an adjustment a defendant must accept responsibility for each crime to which he is being sentenced," and explained the rationale was that otherwise a defendant would receive a benefit on the sentence for all the crimes for which he was convicted even though he had not accepted responsibility for all of them. *Id.* at 1447 (citations omitted).

Although *Bourne* dealt with the additional one-level reduction under § 3E1.1(b), its reasoning is equally applicable to the basic two-level reduction under subsection (a) of the same provision. Other circuits that have addressed this and similar issues have reached the same conclusion. *See United States v. Chambers,* 195 F.3d 274, 277-79 (6th Cir.1999) (defendant not entitled to sentence reduction under § 3E1.1 where he stipulated at trial to only one of the three counts of which he was convicted); *United States v. Ginn,* 87 F.3d 367, 370-71 (9th Cir.1996) (defendant not entitled to three-point downward adjustment under § 3E1.1 when he does not accept responsibility for all of the counts of which he is convicted); *United States v. Kleinebreil,* 966 F.2d 945, 952-53 (5th Cir.1992) (defendant not entitled to two-level reduction under § 3E1.1(a) where he only accepted responsibility for two of the three counts of which he was convicted); *United States v. McDowell,* 888 F.2d 285, 292-93 (3d Cir.1989) (downward adjustment under § 3E1.1 is made only after all counts are combined and no adjustment is available where defendant obstructed justice as to one of the three counts to which he pleaded guilty).

The decision line of the other circuits makes good sense. When a defendant indicted on multiple counts goes to trial on any of those counts, the systemic costs of trial are not obviated although they may be reduced to some extent. In the same vein, a defendant who is unwilling to accept responsibility for some of the charges against him has not really "come clean" and faced up to the full measure of his criminal culpability. We align ourselves with the other circuits that have addressed the issue and hold that acceptance of responsibility is all or nothing under § 3E1.1. A defendant who fails to accept responsibility for all of the crimes he has committed and with which he has been charged is entitled to nothing under § 3E1.1.

## IV.

The fourth and final issue Thomas raises concerns the decision in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Ordinarily, the maximum sentence for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g), is ten years. 18 U.S.C. § 924(a)(2). However,

§ 924(e)(1) authorizes a punishment of not less than fifteen years (which means up to life imprisonment, *see United States v. Brame,* 997 F.2d 1426, 1428 (11th Cir.1993)) for violation of § 922(g) where the defendant has previously been convicted of three violent felonies or serious drug offenses. That provision authorized the district court to sentence Thomas to 295-months.[8] But, Thomas says, the indictment in the case did not charge him with having been convicted of the necessary three prior offenses, and the jury did not find beyond a reasonable doubt that he had been convicted of those offenses. Thomas contends that absent inclusion in the indictment and reflection in the jury verdict, his prior convictions cannot affect the maximum sentence to which he is exposed.

Thomas recognizes that his contention is inconsistent with *Almendarez-Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), but he argues that the Supreme Court indicated in *Apprendi* that it may overrule *Almendarez-Torres* on some future occasion. Thomas' urging that we should get ahead of the Supreme Court and beat it to the punch by overruling *Almendarez-Torres* ourselves overlooks the very basic fact that we cannot overrule Supreme Court decisions. As we explained in *United States v. Guadamuz-Solis,* 232 F.3d 1363 (11th Cir.2000), we are bound to follow *Almendarez-Torres* unless and until the Supreme Court itself overrules that decision.

AFFIRMED.

---

[8]Thomas also pleaded guilty to two counts of possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1). He received a sentence of 240 months as to each of those counts, which he does not challenge here. The sentences as to all three counts are to be served concurrently.