**John R. DOWARD**

v.

**UNITED STATES of America**

**No. Civ. 01–52–B.**

United States District Court,
D. New Hampshire.

April 4, 2001.

John R. Doward, Coleman, FL, pro se.

Peter E. Papps, U.S. Attorney's Office, Concord, NH, for U.S.

## ORDER

BARBADORO, Chief Judge.

John Doward seeks relief pursuant to 28 U.S.C. § 2255. He argues that the court improperly enhanced his statutory maximum sentence pursuant to 18 U.S.C. § 924(e). His claims depend upon the Supreme Court's decision in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

I assume without deciding that: (1) Doward's claims are not barred by the statute of limitations that governs § 2255 motions because he filed his motion within one year of "the date on which the right asserted was initially recognized by the Supreme Court … and made retroactively applicable to cases on collateral review," 28 U.S.C. § 2255; and (2) Doward can establish "cause and prejudice" that excuses his failure to raise his claims on direct appeal. *See Sustache–Rivera v. United States,* 221 F.3d 8, 17–18 (1st Cir.2000), *cert. denied,* —— U.S. ——, 121 S.Ct. 1364, 149 L.Ed.2d 292 (2001). Nevertheless, I reject

Doward's claims because they are defective on their merits.

The Supreme Court held in *Apprendi* that *"[o]ther than the fact of a prior conviction,* any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 120 S.Ct. at 2362–63 (emphasis added). The Court did not overrule its prior decision in *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), which held that, where provided by statute, a judge may enhance a defendant's sentence based upon prior convictions which have not been presented to a jury and proved to the jury's satisfaction beyond a reasonable doubt. *See id.* at 239–48, 118 S.Ct. 1219; *see also Apprendi,* 120 S.Ct. at 2362 (declining to revisit the validity of *Almendarez–Torres* ). Therefore, as both the Tenth and the Eleventh Circuit Courts of Appeal have recognized, an enhancement of a statutory maximum sentence based on 18 U.S.C. § 924(e) that results from prior convictions is governed by *Almendarez–Torres* rather than *Apprendi. See United States v. Thomas,* 242 F.3d 1028, 1034–35 (11th Cir.2001); *United States v. Dorris,* 236 F.3d 582, 587–88 (10th Cir.2000).

I enhanced Doward's sentence pursuant to 18 U.S.C. § 924(e) based upon several prior convictions. Under prevailing Supreme Court precedent, the applicability of this enhancement is a matter for the judge rather than the jury. Petition dismissed.

SO ORDERED.