UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.

JEFFREY A. PLEASANT, a/k/a Jeffrey
A. Pleasants,
          *Defendant-Appellant.*

No. 01-4418

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Robert E. Payne, District Judge.
(CR-00-71)

Submitted: January 22, 2002

Decided: February 19, 2002

Before LUTTIG and KING, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Charles M. Allen, Jr., GOODMAN, WEST & FILETTI, P.L.L.C.,
Glen Allen, Virginia, for Appellant. Paul J. McNulty, United States
Attorney, Stephen W. Miller, Assistant United States Attorney, Rich-
mond, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Jeffrey A. Pleasant was convicted by a jury of two counts of interfering with commerce by threats or violence, in violation of 18 U.S.C.A. § 1951 (West 2000); two counts of carrying a firearm during and in relation to a crime of violence, and two counts of possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C.A. § 924(c) (West 2000); and one count of possession of a firearm after having been convicted of a crime punishable by imprisonment in excess of one year, in violation of 18 U.S.C.A. § 922(g) (West 2000). The district court determined that Pleasant qualified as an armed career criminal under 18 U.S.C.A. § 924(e) (West 2000), and sentenced him to a total of 622 months imprisonment. He appeals his convictions and sentence.

Pleasant first asserts that the determination of whether prior convictions are predicate convictions under § 924(e) is a factual matter that must be submitted to the jury for determination beyond a reasonable doubt. Because the fact of prior convictions was not decided by a jury, Pleasant claims the enhanced offense level used to calculate his sentence violates the rule announced in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). We conclude, however, that *Apprendi* does not apply to Pleasant's enhanced sentence because the § 924(e) enhancement is based on his prior convictions, a factor that was specifically excluded from the holding of *Apprendi*. Contrary to Pleasant's assertions, *Apprendi* expressly upheld the holding of *Almendarez-Torres v. United States*, 523 U.S. 224, 235 (1998), that prior felony convictions are merely sentencing enhancements, rather than elements of the offense. *Apprendi*, 530 U.S. at 488-90; *see also United States v. Skidmore*, 254 F.3d 635, 642 (7th Cir. 2001) (holding that *Apprendi* does not affect enhanced sentence under § 924(e)); *United States v. Thomas*, 242 F.3d 1028, 1035 (11th Cir.) (same), *cert. denied*, ___ U.S. ___, 121 S. Ct. 2616 (2001); *United States v. Dorris*, 236 F.3d

582, 586-88 (10th Cir. 2000) (same), *cert. denied*, ___ U.S. ___, 121 S. Ct. 1635 (2001); *United States v. Mack*, 229 F.3d 226, 235 n.12 (3d Cir. 2000) (same), *cert. denied*, ___ U.S. ___, 121 S. Ct. 2015 (2001).

Pleasant next asserts that the district court failed to conduct an adequate inquiry into the predicate burglary convictions to properly determine that these convictions qualified as crimes of violence under the Armed Career Criminal Act. Our review of the record demonstrates that Pleasant abandoned this issue at sentencing; therefore, we review only for plain error. *See United States v. Ford*, 88 F.3d 1350, 1355 (4th Cir. 1996). Our review of the record convinces us that the district court did not err in concluding that Pleasant's prior burglary convictions were crimes of violence under the ACCA.

Pleasant's final argument on appeal is that the district court erred in excluding testimony Pleasant proffered as impeachment of a government witness. We review a district court's evidentiary rulings for abuse of discretion. *See United States v. Hassouneh*, 199 F.3d 175, 183 (4th Cir. 2000). Our review of the proffered testimony, which the district court received outside the presence of the jury, convinces us that the district court correctly determined that the testimony lacked a foundation sufficient to make it relevant as impeachment evidence. We find no abuse of discretion in the district court's ruling.

Accordingly, we affirm Pleasant's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*