[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 19, 2007
THOMAS K. KAHN
CLERK

No. 06-15778
Non-Argument Calendar

_____

D. C. Docket No. 05-00444-CR-T-27-MSS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TONY E. CHRISTIAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(September 19, 2007)**

Before BLACK, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Tony E. Christian ("Christian") appeals his conviction for being a felon in possession of firearms, in violation of 18 U.S.C. § 922(g)(1). Because the district court did not abuse its discretion by admitting evidence of Christian's uncharged drug activity and because the government produced sufficient evidence to support Christian's conviction, we affirm.

## BACKGROUND

Christian, who is serving a three-year sentence for being a felon in possession of firearms, appeals his conviction on two main grounds. First, Christian argues that a confidential informant's testimony about Christian's alleged drug activity and the physical evidence of drugs and drug paraphernalia found in the same bedroom as the firearms underlying the charge were not relevant and should have been excluded under Fed. R. Evid. 402. In the alternative, Christian contends that even if the district court found the evidence of drug activity relevant, it should have excluded it pursuant to Fed. R. Evid. 403 because the danger of unfair prejudice substantially outweighed its probative value. Secondly, Christian argues that the government failed to present evidence, unconnected to the evidence of drug activity, sufficient to support his conviction.

## STANDARDS OF REVIEW

2

We review the district court's rulings on admission of evidence for abuse of discretion. *United States v. Jiminez*, 224 F.3d 1243, 1249 (11th Cir. 2000). "[W]hen employing an abuse-of-discretion standard, we must affirm unless we find that the district court has made a clear error of judgment, or has applied the wrong legal standard." *United States v. Frazier*, 387 F.3d 1244, 1259 (11th Cir. 2004), *cert. denied*, 125 S. Ct. 2516 (2005).

We review sufficiency of the evidence and the district court's denial of a motion for a judgment of acquittal *de novo*, "viewing the evidence in the light most favorable to the government and drawing all reasonable inferences and credibility choices in favor of the jury's verdict." *United States v. Ramirez*, 426 F.3d 1344, 1351 (11th Cir. 2005). Viewing the evidence in this light, we determine "whether a reasonable trier of fact could find that the evidence established guilt beyond a reasonable doubt." *United States v. Calhoon*, 97 F.3d 518, 523 (11th Cir. 1996).

## DISCUSSION

## I.

We first consider Christian's argument that the district court erred by admitting testimonial and physical evidence of his alleged drug activity, claiming that such evidence was irrelevant to the charge of being a felon in possession of a

3

firearm and should have been excluded under Fed. R. Evid. 402. Alternatively, Christian argues that even if relevant, the probative value of this evidence was substantially outweighed by its prejudicial effect, barring its admissibility under Fed. R. Evid. 403.

Evidence that is not relevant is not admissible. Fed. R. Evid. 402. Relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice." Fed. R. Evid. 403. While respecting the great degree of discretion a district court has in weighing probative value and prejudice under Rule 403, "we have also recognized that Rule 403 is 'an extraordinary remedy which the district court should invoke sparingly and [t]he balance . . . should be struck in favor of admissibility.'" *United States v. Dodds*, 347 F.3d 893, 897 (11th Cir. 2003) (alteration in original) (internal quotations and citations omitted). The risk of undue prejudice can be reduced by a district court's limiting instruction. *Ramirez*, 426 F.3d at 1354. We presume the jury followed the instructions given to it by the district court. *Id.* at 1352.

We have previously held that in a prosecution for the unlawful possession of firearms by a convicted felon under 18 U.S.C. § 922(g), evidence of the defendant's accompanying drug trafficking is relevant, direct evidence of the defendant's knowing possession of the seized firearms. *United States v. Thomas*,

242 F.3d 1028, 1032 (11th Cir. 2001). Evidence of drugs and drug paraphernalia to establish the defendant's knowledge and constructive possession of firearms withstands the Rule 403 balancing test where "the evidence of [the defendant's] drug trafficking was in sufficiently close proximity, temporally and physically" to the firearms. *Id.*

Here, the district court did not abuse its discretion in finding that the evidence of Christian's uncharged drug activity was relevant evidence not substantially outweighed by the danger of undue prejudice. Because Christian stipulated that during and prior to the time of the alleged firearm possession he had been convicted of a felony and that the seized firearms satisfied the jurisdictional elements of § 922(g), the defense case centered on Christian's knowledge and constructive possession of the firearms. Specifically, Christian argued that the home containing the firearms remained under his deceased mother's name but was used by several of Christian's siblings at various times, that he had not lived in the house for several years and was not at the house when agents executed the search warrant and seized the firearms. He further argued that the materials found in the house that bore Christian's name and address were dated before his alleged possession of the seized firearms, May 23, 2004.

The government proffered the testimony of a confidential informant, Dana Finnigan ("Finnigan"), that while buying crack cocaine from Christian and working as a handyman at the house, he saw Christian possessing firearms, selling drugs, and exchanging stolen items for crack cocaine. The government also proposed to offer the drugs and drug paraphernalia seized from the same room as the firearms to corroborate Finnigan's testimony. The district court initially excluded this evidence in its entirety. Yet, it later found that the evidence of the drug scales and half-pound of marijuana was admissible proof of Christian's knowledge and constructive possession of the firearms, admitting them in reliance on *Thomas*. We find no error in this decision. The district court did not abuse its discretion by admitting evidence of Christian's drug-distribution activity because it was relevant to proving his knowledge of possession of the firearms, and the district court gave appropriate limiting instructions. *See Thomas*, 242 F.3d at 1032-33. Nor did the district court did abuse its discretion in determining that the probative value of the evidence was not substantially outweighed by unfair prejudice. *Thomas*, 242 F.3d at 1032-33 (quotation omitted).

## II.

Christian next argues that the government failed to present evidence sufficient to establish his actual or constructive possession of the firearms. He

contends that the only evidence the government presented in support of the charge was Finnigan's testimony, which was discredited on cross-examination. Specifically, Christian points to Finnigan's statement on direct examination that he saw Christian and another man, Lamont Crow ("Crow"), at the Fuller Street residence with the firearms on May 23, 2004, the date Christian allegedly committed the offense. The defense countered this testimony by presenting a booking sheet from the Polk County Sheriff's Office showing that Crow was booked into jail on May 18, 2004 and released September 29, 2004. On cross-examination, Finnigan eventually revised his testimony, claiming to have seen Christian and Crow at the residence on the exact date one year earlier, May 23, 2003. Christian claims he impeached Finnigan's credibility, and that the government failed to present sufficient evidence, unconnected to Finnigan's testimony, to support his conviction.

The credibility of witnesses generally is within the sole province of the trier of fact. "For testimony to be incredible as a matter of law, it must be unbelievable on its face, i.e., testimony as to facts that [the witness] could not have possibly observed or events that could not have occurred under the laws of nature." *United States v. Thompson*, 422 F.3d 1285, 1291 (11th Cir. 2005) (alteration in original) (quotation marks omitted), *cert. denied*, 127 S.Ct. 748 (2006).

7

Finnigan's testimony, when viewed as a whole, cannot be said to have been incredible as a matter of law. Although Finnigan's credibility may have been weakened on cross-examination, the jury could have found the remainder of Finnigan's testimony credible. Finnigan testified that he saw handguns and rifles on several occasions in the locked room, and he described with detail drugs and a drug scale in the same room. The government corroborated Finnigan's testimony. First, the officers executing the search warrant found that the room containing four rifles and two handguns was locked as Finnigan had described, supporting the conclusion that only Christian had access to that room. Also consistent with Finnigan's testimony, the officers found a black scale and a half-pound of marijuana in the same room.

Moreover, Agent Smith, who led the execution of the search warrant, testified to the correspondence, credit cards, and checkbooks bearing Christian's name that were found in the same locked room as the firearms. Agent Smith also testified that the room contained three or four photo albums containing pictures of Christian and other people.

The district court admitted postal records linking the Fuller Street house where the firearms were seized to P.O. Box 691 in Davenport, Florida, the same address listed on Christian's Florida driver's license through March 2006. The

8

government presented evidence of a Motion and Notice of Hearing from the office of a Florida State Attorney addressed to Christian at both the P.O. Box and Fuller Street addresses.  It also established that Christian was the last person to have paid property taxes for the Fuller Street residence, making payments in 2000, 2001, and 2003.

Based on witness testimony and physical evidence that Christian lived in, and controlled access to, the locked bedroom where firearms and materials bearing his name were found, the evidence was sufficient to support Christian's conviction.

## CONCLUSION

The district court did not abuse its discretion by admitting evidence of Christian's drug activity because this evidence was probative of his knowing possession of firearms.  The government produced sufficient evidence for a rational trier of fact to find Christian's guilt beyond a reasonable doubt.  Therefore, we will not vacate his conviction.

**AFFIRMED.**