[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 27, 2008
THOMAS K. KAHN
CLERK

No. 07-10121
Non-Argument Calendar

_____

D. C. Docket No. 04-10033-CR-SH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CLINTON HARRIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 27, 2008)

Before TJOFLAT, ANDERSON and PRYOR, Circuit Judges.

PER CURIAM:

Clinton Harris appeals his conviction for possession of a firearm by a

convicted felon, 18 U.S.C. § 922(g)(1). On appeal, Harris argues that the district court denied him a fair trial by admitting evidence of a controlled drug buy that was prejudicial under Fed.R.Evid. 403. Specifically, Harris claims that the district court should have limited the introduction of details of Harris's involvement in a drug transaction that took place in his home where the firearm was later located. Further, this evidence was confusing, cumulative, and prejudicial. Harris argues that the district court failed also to give a limiting instruction relating to this evidence. Also, Harris argues that the government's statements to the jury, combined with the extensive testimony about the controlled buy, the lack of a limiting instruction, and the introduction of the actual crack cocaine purchased in the controlled buy, rose to the level of reversible error.

The government responds that while Harris may have filed an ore tenus objection to the drug trafficking evidence, he did not object at trial to the introduction of such evidence, and he did not request a limiting instruction. Harris replies that he preserved any error relating to the district court's failure to give a limiting instruction.

We review the district court's rulings on admission of evidence for abuse of discretion. United States v. Jiminez, 224 F.3d 1243, 1249 (11th Cir. 2000). "[W]hen employing an abuse-of-discretion standard, we must affirm unless we

find that the district court has made a clear error of judgment, or has applied the wrong legal standard." United States v. Frazier, 387 F.3d 1244, 1259 (11th Cir. 2004).

Relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice." Fed.R.Evid. 403. While respecting the great degree of discretion a district court has in weighing probative value and prejudice under Rule 403, "we have also recognized that Rule 403 is 'an extraordinary remedy which the district court should invoke sparingly and [t]he balance . . . should be struck in favor of admissibility.'" United States v. Dodds, 347 F.3d 893, 897 (11th Cir. 2003) (internal citations omitted). The risk of undue prejudice can be reduced by a district court's limiting instruction. United States v. Ramirez, 426 F.3d 1344, 1354 (11th Cir. 2005). A district court's erroneous admission of evidence does not warrant reversal if the purported error had no substantial influence on the outcome and sufficient evidence uninfected by error supports the verdict. United States v. Fortenberry, 971 F.2d 717, 722 (11th Cir. 1992). Finally, we have found that a prosecutor's closing argument caused a defendant no substantial prejudice where the district court informed the jury on multiple occasions that a lawyer's argument did not constitute evidence. See United States v. Wilson, 149 F.3d 1298, 1302 (11th Cir. 1998).

3

The district court did not abuse its discretion in admitting evidence that Harris engaged in a drug transaction as part of the government prosecution of a felon-in-possession charge. First, evidence of the controlled buy was necessary to show why law enforcement officials applied for a search warrant of Harris's home. Thus, its probative value does not appear outweighed by its potential prejudice. Additionally, the Government needed to challenge Harris's defense that although he knew of the presence of the gun, it was not his. This court has recognized that there is often a relationship between firearms and drug dealing that is probative of knowing possession of the firearm. United States v. Thomas, 242 F.3d 1028, 1031 (11th Cir. 2001). Therefore, the Government was entitled to put on evidence that would demonstrate to the jury that Harris's possession was not innocent. Second, the district court gave a limiting instruction, albeit a general one, when it told the jury that Harris was "on trial only for the specific offense alleged in the indictment." Thus, any prejudice was reduced. Harris failed to request a more specific limiting instruction at the appropriate time, even after being invited to do so by the district court. Third, even if the district court's admission of the evidence was erroneous, there is no evidence that the purported error had an substantial influence on the outcome, and sufficient evidence uninfected by error supports the verdict, so any error would be harmless.

4

Further, Harris's argument that the evidence of his drug trafficking was cumulative is meritless because only two witnesses testified directly to Harris's involvement in the controlled buy, both of whom were necessary to complete the story of a confidential informant's purchase of crack cocaine from Harris and the subsequent application for a search warrant. Additionally, the district court cured any potential error by informing the jury several times that argument is not evidence. Accordingly, we affirm.

**AFFIRMED.**[1]

---

[1] Harris's request for oral argument is denied.