[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
—————————

Nos. 07-12716 & 07-12717
—————————

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 1, 2008
THOMAS K. KAHN
CLERK

D. C. Docket Nos. 98-00238 CR-J-25-TEM
03-00250 CR-J-25-TEM

UNITED STATES OF AMERICA,

                              Plaintiff-Appellant,

            versus

NURKIS MORA,
a.k.a. Ronald Carmen,

                              Defendant-Appellee.

—————————

Appeals from the United States District Court
for the Middle District of Florida

—————————

**(May 1, 2008)**

Before BIRCH, DUBINA and HILL, Circuit Judges.

PER CURIAM:

The United States appeals Nurkis Mora's sentence for her two convictions: conspiracy to distribute cocaine and failure to appear. In December 1998, Mora pleaded guilty to conspiring to distribute cocaine. Two months later, Mora, released pending sentencing, fled. In October 2006, almost eight years after Mora fled, U.S. Marshals caught her in Miami, Florida. Mora pleaded guilty to failure to appear, and the district court held a sentencing hearing.

At sentencing, Mora requested an offense-level reduction for acceptance of responsibility, despite her flight from the law. The district court granted the reduction, orally adopting the reasoning in the Presentence Investigation Report ("PSI"). The PSI notes that after her first arrest—the cocaine-conspiracy arrest—Mora "made a candid admission of her involvement in the offense of conviction" but "categorically impeded the administration of justice" by failing to appear. PSI at 7. It next notes that she "candidly admitted committing the offense of bail jumping." *Id.* Apparently based on these candid admissions, the PSI recommends that Mora receive a two-level reduction for acceptance of responsibility. *Id.* at 9. The PSI relegates its analysis to a footnote:

> Although bail jumping is inconsistent with acceptance of
> responsibility as to the underlying offense, the defendant has
> truthfully admitted the conduct comprising the bail jumping offense

2

on its merits, and has not falsely denied any additional relevant conduct . . . for which she is accountable under the provisions of relevant conduct.

*Id.* at 9 n.4. This reasoning, adopted by the district court, rejects acceptance of responsibility "as to the underlying offense," but grants acceptance of responsibility for the "conduct comprising the bail jumping offense."

We conclude from the record that the district court committed procedural error in calculating the Guidelines range when it granted an offense-level reduction for acceptance of responsibility. We have held that "[a] defendant who fails to accept responsibility for all of the crimes he has committed and with which he has been charged is entitled to nothing under [the acceptance-of-responsibility provision]." *United States v. Thomas*, 242 F.3d 1028, 1034 (11th Cir. 2001). The district court, sentencing Mora for two distinct offenses—conspiracy to distribute cocaine, and failure to appear—found that she accepted responsibility for the failure to appear, but not for the cocaine conspiracy. In those circumstances, under *Thomas*, the defendant is not entitled to an offense-level reduction for acceptance of responsibility. Because it was procedural error for the district court to grant an acceptance-of-responsibility reduction in these circumstances, we

vacate Mora's sentence and remand this case for resentencing consistent with this opinion.

**VACATED** and **REMANDED**.