[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-10895
Non-Argument Calendar
_____

D.C. Docket No. 1:10-cr-00453-ODE-JFK-4


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DEVORIOUS MONTEZ WOODEN JONES,
a.k.a. Popcorn,
a.k.a. Bro,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(November 20, 2012)

Before HULL, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Devorious Jones appeals his sentence of 130 months for conspiring to

commit a Hobbs Act robbery, 18 U.S.C. § 1951(a), and for using and carrying a

firearm during and in relation to that robbery, id. § 924(c)(1)(A).  Jones challenges the denial of a reduction for acceptance of responsibility in computing his sentence for conspiracy and the reasonableness of that sentence.  Jones also challenges, for the first time, the finding of the district court that he brandished, instead of used or carried, a firearm during the robbery.  We affirm.

The district court did not clearly err when it denied Jones a reduction for acceptance of responsibility.  A defendant may receive a two-level reduction in his offense level "[i]f [he] clearly demonstrates acceptance of responsibility for his offense," United States Sentencing Guidelines Manual § 3E1.1(a) (Nov. 2011), by "truthfully admitting the conduct comprising the offense[] of conviction, and truthfully admitting or not falsely denying any additional relevant conduct for which [he] is accountable," id. cmt. n.1(A).  To determine whether to grant a reduction, the district court considers "all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant."  Id. § 1B1.3(a)(1)(A).  Jones pleaded guilty for conspiring to commit the robbery, but he falsely denied using a firearm during the crime and required the government to prove that charge during a bench trial.  Because Jones was "unwilling to accept responsibility for some of the charges against him [and] had not really 'come clean' and faced up to the full measure of his criminal

2

culpability," United States v. Thomas, 242 F.3d 1028, 1034 (11th Cir. 2001), he was not entitled to a reduction in his offense level for acceptance of responsibility.

The district court also did not abuse its discretion by sentencing Jones to 46 months of imprisonment for his role in the conspiracy. Jones's sentence is at the low end of his advisory guidelines range of 46 to 57 months and well below the statutory maximum term for his crime. The district court reasonably determined that a sentence within the guidelines range would adequately punish Jones for being "heavily involved in the planning of" the armed robbery of a Loomis armored truck in the parking lot of a hospital; "deter Mr. Jones from future similar conduct"; and account for "the fact that Mr. Jones was pretty young when he did these crimes." See 18 U.S.C. § 3553(a). Jones argues about a disparity between his sentence and the one-month sentence imposed on coconspirator Okevlibus Thornton, but the two men are not similarly situated. See United States v. Spoerke, 568 F.3d 1236, 1252 (11th Cir. 2009). Unlike Jones, Thornton confessed to planning the robbery and carrying a firearm during the offense; described the robbery to investigators; identified Jones and two other coconspirators; provided information that investigators used to locate and arrest Jones and his coconspirators; and testified at Jones's trial. See United States v. Docampo, 573 F.3d 1091, 1101 (11th Cir. 2009). Jones's sentence is reasonable.

3

The district court also did not plainly err when it found that Jones brandished a firearm during the robbery.  A defendant brandishes a firearm when he "display[s] all or part of the firearm, or otherwise make[s] the presence of the firearm known to another person, in order to intimidate that person, regardless of whether the firearm is directly visible to that person."  18 U.S.C. § 924(c)(4). Eyewitnesses testified during the bench trial that Jones displayed his firearm and hit it against the armored truck during the robbery.  Although the driver of the armed truck testified that she did not see the firearm, the district court did not err in determining that Jones made a racket with his firearm to dissuade the driver and any onlooker from interrupting the robbery.  And, even if we assume that the district court erred, Jones cites no authority to establish that the finding is "plain under controlling precedent or in view of the unequivocally clear words of [the] statute."  United States v. Lett, 483 F.3d 782, 790 (11th Cir. 2007).

We **AFFIRM** Jones's sentence.

4