[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-11932
Non-Argument Calendar
_____

D.C. Docket No. 9:11-cr-80188-DTKH-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MIGUEL ANGEL HERNANDEZ-ABRAHAM,
a.k.a. Miguel Hernandez,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(December 30, 2013)

Before PRYOR, MARTIN, and FAY, Circuit Judges.

PER CURIAM:

Miguel Hernandez-Abraham appeals his 77-month sentence after pleading guilty to one count of illegal reentry into the United States after having been deported, in violation of 8 U.S.C. § 1326(a), (b)(2).  On appeal, he argues the district judge lacked authority to increase his sentence, based upon prior convictions that were neither charged in the indictment nor proved to a jury beyond a reasonable doubt.  We affirm.

We review constitutional sentencing issues de novo.  *United States v. Steed*, 548 F.3d 961, 978 (11th Cir. 2008) (per curiam).  In *Almendarez-Torres v. United States*, 523 U.S. 224, 226-27, 118 S. Ct. 1219, 1222 (1998), the Supreme Court held the government does not need to prove beyond a reasonable doubt a defendant had prior convictions or allege those prior convictions in the indictment in order to use them to enhance a defendant's sentence under a federal statute.  Although the Supreme Court has since expressed some doubt as to whether *Almendarez-Torres* was correctly decided, it has explicitly declined to revisit that decision.  *Apprendi v. New Jersey*, 530 U.S. 466, 489-90, 120 S. Ct. 2348, 2362 (2000); *see also Alleyne v. United States*, 133 S. Ct. 2151, 2160 n.1 (2013) (declining to revisit *Almendarez-Torres*, because the parties did not contest that decision).  Rather, the Supreme Court has maintained, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum

2

must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490, 120 S. Ct. at 2362-63.

Furthermore, we since have held *Apprendi* did not overrule *Almendarez-Torres*. *United States v. Beckles*, 565 F.3d 832, 846 (11th Cir. 2009); *United States v. Gibson*, 434 F.3d 1234, 1246-47 (11th Cir. 2006). We have also recognized that we are "bound to follow *Almendarez-Torres* unless and until the Supreme Court itself overrules that decision." *United States v. Thomas*, 242 F.3d 1028, 1035 (11th Cir. 2001). Because Hernandez-Abraham concedes binding precedent forecloses his argument, the district judge erred by enhancing his sentence based on prior convictions not charged in the indictment or proved to a jury beyond a reasonable doubt.

**AFFIRMED.**