[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-12972
Non-Argument Calendar
_____

D.C. Docket No. 9:12-cr-80180-KAM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIAM W. BOATLEY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 7, 2014)

Before TJOFLAT, HULL, and FAY, Circuit Judges.

PER CURIAM:

William Boatley appeals his 216-month sentence imposed following a conviction on one count of possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. §§ 992(g) and 924(e).  On appeal, Boatley argues his sentence violates the Fifth Amendment because it was enhanced beyond the statutory maximum of ten years based upon prior felony convictions not charged in his indictment.  He urges revisiting the precedent set in Almendarez-Torres v. United States, 523 U.S. 224, 118 S. Ct. 1219 (1998), in light of the Supreme Court's recent decision in Alleyne v. United States, 570 U.S. __, 133 S. Ct. 2151 (2013).

We review constitutional sentencing issues de novo.  United States v. Steed, 548 F.3d 961, 978 (11th Cir. 2008).  The prior precedent rule dictates that we must "follow a prior binding precedent unless and until it is overruled by this court en banc or by the Supreme Court."  United States v. Vega-Castillo, 540 F.3d 1235, 1236 (11th Cir. 2008) (internal quotation marks omitted).

Under 18 U.S.C. § 922(g)(1), it is unlawful for a convicted felon to possess any firearm or ammunition in or affecting commerce.  18 U.S.C. § 922(g)(1). Those knowingly violating the provision are subject to a maximum ten years imprisonment. 18 U.S.C. § 924(a)(2).  However, the minimum sentence becomes 15 years if the felon has three previous convictions for a violent felony or serious

2

drug offense, or both, committed on occasions different from one another.  18 U.S.C. § 924(e)(1).

In Almendarez-Torres, the Supreme Court held that a prior conviction that raised the statutory maximum penalty for reentry by a deported alien was a sentence enhancement, and not an element of the offense.  Id. at 235, 118 S. Ct. at 1226.  Because it was not an element, the Supreme Court determined the prior conviction did not have to be mentioned in the indictment.  Id. at 226-28, 118 S. Ct. at 1222.

The Supreme Court then held in Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000), that other than prior convictions, any fact that increases the penalty for a crime beyond the statutory maximum is an element of that offense. Id. at 490, 120 S. Ct. at 2362-63.  Most recently, in Alleyne, the Supreme Court extended Apprendi's principle to statutory minimums, holding that "any fact that, by law, increases the penalty for a crime is an 'element.'"  Id. at __, 133 S. Ct. at 2155.  However, the Supreme Court also expressly noted it was not revisiting Almendarez-Torres at that time.  Id. at __, 133 S. Ct. at 2160 n.1.

We have previously recognized that we are "bound by Almendarez-Torres until it is explicitly overruled by the Supreme Court."  United States v. Dowd, 451 F.3d 1244, 1253 (11th Cir. 2006).  We have also refused to "get ahead of the Supreme Court and beat it to the punch by overruling Almendarez-Torres

3

ourselves." <u>United States v. Thomas</u>, 242 F.3d 1028, 1035 (11th Cir. 2001). Because <u>Alleyne</u> did not explicitly overrule <u>Almendarez-Torres</u>, but rather explicitly refused to address it, <u>Almendarez-Torres</u> is still the governing law in this case.

Upon review of the record and consideration of the parties' briefs, we conclude that the district court did not commit an error by enhancing Boatley's sentence based on his prior felony convictions.   Based upon the foregoing, we affirm the Appellant's sentence.

**AFFIRMED.**