[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-10011
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cr-00195-TCB-RGV-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HECTOR DELVAL-ESTRADA,
a.k.a. Hector Ochoa Olguin,
a.k.a. Hector Joaquin Delval-Estrada,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(December 1, 2014)

Before WILLIAM PRYOR, MARTIN, and JORDAN, Circuit Judges.

PER CURIAM:

Hector Delval-Estrada was sentenced to 40 months in prison after pleading guilty to illegal reentry in violation of 8 U.S.C. § 1326(a) & (b)(2).  He contends that, because his prior aggravated felony (possession of cocaine with intent to distribute) is an element of the offense under subsection (b)(2) of § 1326 and was not listed in the indictment, he could not have been sentenced to more than the two-year maximum set forth in subsection (a) of the statute.

We reject Mr. Delval-Estrada's argument.  First, the Supreme Court has expressly held—in a case just like this one—that § 1326(b)(2) does not define a separate crime, and that the government is not required to charge the alien's prior conviction in the indictment.  *See Almendarez-Torres v. United States*, 523 U.S. 224, 226-27 (1998).  Second, "we have specifically rejected the argument that *Almendarez-Torres* was undermined by *Apprendi* [*v. New Jersey*, 530 U.S. 466 (2000).]"  *United States v. Greer*, 440 F.3d 1267, 1273 (11th Cir. 2006).  "[W]e are bound to follow *Almendarez–Torres* unless and until the Supreme Court . . . overrules that decision."  *United States v. Thomas*, 242 F.3d 1028, 1035 (11th Cir. 2001).

**AFFIRMED.**