[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-14546
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cr-20869-KMM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RODNEY CHARLES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(June 17, 2015)

Before TJOFLAT, WILSON, and MARTIN, Circuit Judges.

PER CURIAM:

Rodney Charles appeals his conviction and sentence for attempted bank

robbery, in violation of 18 U.S.C. § 2113(a). He challenges the district court's jury instruction on attempted bank robbery in two ways. First, he argues that the court abused its discretion by refusing to include his requested instruction on § 2113(b) bank larceny as a lesser-included offense. Second, he argues that the district court erroneously included non-standard language regarding "intimidation" under § 2113(a). After careful consideration, we affirm.

First, we review a district court's refusal to submit a defendant's requested instruction to the jury for an abuse of discretion. United States v. Dominguez, 661 F.3d 1051, 1071 (11th Cir. 2011). Charles argues that the district court erred in refusing to give a requested jury instruction on attempted bank larceny as a lesser-included offense of attempted bank robbery. However, he acknowledges that in Carter v. United States, 530 U.S. 255, 274, 120 S. Ct. 2159, 2172 (2000), the Supreme Court specifically held that "§ 2113(b) is not a lesser included offense of § 2113(a)." Id. As such, the Court held that the defendant was "prohibited as a matter of law from obtaining a lesser included offense instruction" as to § 2113(b) when he was charged with bank robbery under § 2113(a). Id. at 259, 120 S. Ct. at 2163. We are bound to follow prior Supreme Court precedent unless and until the Supreme Court itself overrules it. United States v. Thomas, 242 F.3d 1028, 1035 (11th Cir. 2001). The district court did not abuse its discretion.

Second, we review a district court's given jury instruction de novo to discern

2

if the instruction misstated the applicable law or misled the jury to the defendant's prejudice. United States v. Gibson, 708 F.3d 1256, 1275 (11th Cir. 2013). A jury-instruction error does not warrant reversal "unless we are left with a substantial and ineradicable doubt as to whether the jury was properly guided in its deliberations." Id. (quotation omitted). "When the jury instructions, taken together, accurately express the law applicable to the case without confusing or prejudicing the jury, there is no reason for reversal even though isolated clauses may, in fact, be confusing, technically imperfect, or otherwise subject to criticism." Id. (quotation omitted).

Here, the district court did not err when it instructed the jury that "[t]he defendant need not intend for the act to be intimidating." Under § 2113(a), the government need not show that a defendant intended to intimidate someone in order to establish that his conduct was "intimidation" under § 2113(a). See United States v. Kelley, 412 F.3d 1240, 1244 (11th Cir. 2005) (concluding that "[w]hether a particular act constitutes intimidation is viewed objectively, and a defendant can be convicted under section 2113(a) even if he did not intend for an act to be intimidating" (citation omitted)). The given instruction was therefore a correct description of the applicable law derived from our published holding in Kelley, and could not have confused or prejudiced the jury.

**AFFIRMED.**

3