[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 20-10778

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

GASPAR ISAUL HUERTA ESTRADA,
CARLOS ANTONIO DURAN HERNANDEZ,

Defendants-Appellants.

_____

Appeals from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:19-cr-20123-RS-1

_____

Before WILSON, ROSENBAUM, and BLACK, Circuit Judges.

PER CURIAM:

Gaspar Isaul Huerta Estrada and Carlos Antonio Duran Hernandez challenge their convictions for conspiracy and possession with intent to distribute more than five kilograms of cocaine on a vessel subject to the jurisdiction of the United States, in violation of the Maritime Drug Law Enforcement Act (MDLEA), 46 U.S.C. §§ 70503(a)(1) and 70506(a), 21 U.S.C. § 960(b)(1)(B)(ii), 18 U.S.C. § 2.  Hernandez also appeals his sentence, contending the district court erred in denying a mitigating role adjustment.  After review,[1] we affirm the convictions of Estrada and Hernandez and Hernandez's sentence.

## I.  CONVICTIONS

Estrada and Hernandez argue the court did not have MDLEA jurisdiction because the Coast Guard officers that boarded their vessel never asked them to identify the individual in

---

[1] We review a district court's exercise of jurisdiction under the MDLEA *de novo* and its factual findings for clear error. *United States v. Cabezas-Montano*, 949 F.3d 567, 588 n.13 (11th Cir.), *cert. denied*, 141 S. Ct. 162 (2020).  As to the sentencing, we review factual findings of the district court for clear error and the court's interpretation and application of the Sentencing Guidelines to the facts *de novo*.  *United States v. Cubero*, 754 F.3d 888, 892 (11th Cir. 2014).  A district court's determination of a defendant's role in the offense is a finding of fact reviewed only for clear error.  *United States v. De Varon*, 175 F.3d 930, 937 (11th Cir. 1999) (*en banc*).

charge of the vessel. They also assert they did not understand the Coast Guard's questioning because the boarding officers were not certified Spanish translators. Finally, they contend the Coast Guard was required to contact Mexico given that Estrada was identified and listed as the master in the Coast Guard's report prepared after the boarding.

Under the MDLEA, it is a crime for any person to possess with intent to distribute a controlled substance while on a vessel subject to the jurisdiction of the United States. 46 U.S.C. § 70503(a)(1), (e)(1). It provides that "[j]urisdiction of the United States with respect to a vessel . . . is not an element of an offense," and "[j]urisdictional issues arising under this chapter are preliminary questions of law to be determined solely by the trial judge." *Id.* § 70504(a). "The government bears the burden of establishing that the statutory requirements of MDLEA subject-matter jurisdiction are met." *United States v. Cabezas-Montano*, 949 F.3d 567, 588 (11th Cir.), *cert. denied*, 141 S. Ct. 162 (2020).

A vessel without nationality is subject to the jurisdiction of the United States. 46 U.S.C. § 70502(c)(1)(A). A vessel without nationality includes "a vessel aboard which the master or individual in charge fails," on request of a United States officer, to make a claim of nationality for that vessel. *Id.* § 70502(d)(1)(B).

In *Cabezas-Montano*, we held that a vessel was subject to the jurisdiction of the United States where the Coast Guard asked the crew to identify the master of the vessel and, when no one identified himself, asked if anyone wished to make a claim of na-

tionality for the vessel.  949 F.3d at 589-90.  This Court noted that the questions were sufficient, even though the Coast Guard failed to ask for the "individual in charge," because that individual still had an opportunity to make a claim of nationality for the vessel when the Coast Guard asked if anyone wished to do so.  *Id.* at 589 n.14.

The district court did not err by finding the United States had jurisdiction under the MDLEA over the smuggling vessel operated by Estrada and Hernandez.  While the boarding officers may have failed to ask who the "individual in charge" was, their failure to do so was not dispositive.  *See* 46 U.S.C. § 70502(d)(1)(B); *Cabezas-Montano*, 949 F.3d at 589-90.  The boarding officers asked every crewmember, in both English and Spanish, about the nationality of the smuggling vessel, in addition to asking if any of them was its master.  Their failure to respond to the boarding officers' affirmative request to identify the vessel's nationality established jurisdiction over the vessel.  *See id.* at 589-90 & n.14 ("[T]he team's questions were nevertheless sufficient because they did ask all defendants if anyone wished to make a claim of nationality for the vessel.").  That Estrada was later— after the Coast Guard departed the vessel—listed as master in the Coast Guard report has no bearing on the jurisdictional issue because he failed to claim nationality for the vessel when asked to do so by the boarding officers.  *See* 46 U.S.C. § 70502(d)(1)(B); *Cabezas-Montano*, 949 F.3d at 589-90.

20-10778                 Opinion of the Court                 5

The district court did not err in finding it had MDLEA jurisdiction because Estrada, Hernandez, and the third crewmember accompanying them failed to make a claim of nationality for the vessel when asked to do so by the Coast Guard.[2] We therefore affirm Hernandez's and Estrada's convictions.

## II. SENTENCE

Hernandez also challenges his sentence on the ground the district court erred by failing to explain its denial of a mitigating role adjustment. He argues he was entitled to that adjustment because he did not know he was being recruited for a smuggling operation until it was too late to back out, he was a poor fisherman who did not know about the scope and structure of the activity, he was less culpable compared to another co-conspirator, and he played a minimal or minor role in an otherwise larger conspiracy involving other people in South America.

A defendant's offense level may be reduced by four levels if he was a minimal participant in a criminal activity or by two lev-

---

[2] Hernandez and Estrada's argument they were unable to comprehend the Coast Guard's questioning was not raised before the district court and is therefore deemed waived. *See Access Now, Inc. v. S.W. Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004) (stating we generally will not consider an issue not raised in the district court and raised for the first time on appeal). And even if they had presented the argument to the district court, they abandoned it on appeal by raising it only in their reply briefs. *See United States v. Thomas*, 242 F.3d 1028, 1033 (11th Cir. 2001) (explaining we will not consider issues raised for the first time in a reply brief).

els if he was a minor participant in a criminal activity.  U.S.S.G. § 3B1.2(a), (b).  A minimal participant is "plainly among the least culpable of those involved in the conduct of a group."  *Id.*, § 3B1.2, comment. (n.4).  A minor participant is one "who is less culpable than most other participants in the criminal activity, but whose role could not be described as minimal."  *Id.* § 3B1.2, comment. (n.5).

In *De Varon*, we instructed that, in determining whether to grant a minor-role reduction, the district court should consider two principles: first, the defendant's role in the relevant conduct for which he has been held accountable at sentencing and, second, his role as compared to that of other identifiable or discernable participants in the relevant conduct.  *United States v. De Varon*, 175 F.3d 930, 940 (11th Cir. 1999) (*en banc*).  That a defendant's role is less than that of the other participants in the relevant conduct may not be dispositive because none of them may be minor or minimal participants.  *Id.* at 944.

Similarly, a defendant's status as a drug courier is not by it-self "dispositive of whether a defendant is entitled to or precluded from receiving a downward adjustment for role in the of-fense."  *Id.* at 942.  The court still must assess the defendant's role considering the relevant conduct attributed to him.  *Id.*  "There-fore, when a drug courier's relevant conduct is limited to [his] own act of importation, a district court may legitimately conclude that the courier played an important or essential role in the im-portation of those drugs."  *Id.* at 942-43.  Other "relevant factual

considerations include: amount of drugs, fair market value of drugs, amount of money to be paid to the courier, equity interest in the drugs, role in planning the criminal scheme, and role in the distribution." *Id.* at 945.

The district court did not err in failing to further explain its denial of a mitigation role reduction for Hernandez because its conclusion is supported by the record. *See id.* at 939 ("So long as the district court's decision is supported by the record and the court clearly resolves any disputed factual issues, a simple statement of the district court's conclusion is sufficient." (quotation marks and emphasis omitted)). Hernandez did not establish that he was entitled to a mitigating role adjustment because even if he was a mere transporter in a broader conspiracy, the conduct of individuals not charged in the relevant conduct or the scope of a broader conspiracy is irrelevant in the mitigating role determination. *See id.* at 940. The conspiracy Hernandez was charged with included him, Estrada, and the other crewmember on the smuggling vessel. That Hernandez and Estrada might have discovered the purpose of the voyage later than the other crewmember is not dispositive because none of them may be minor participants. *See id.* at 944. Similarly, that Hernandez was merely a courier does not entitle him to a mitigating role reduction. *See id.* at 940, 942-43. Because the record demonstrates that Hernandez was responsible for smuggling the large quantity of drugs by operating the vessel and that both he and Estrada jointly attempted to flee the Coast Guard, Hernandez failed to establish by a preponderance of

the evidence that he played a minimal or minor role compared to the other two crewmembers. *See United States v. Cruickshank*, 837 F.3d 1182, 1192 (11th Cir. 2016) (stating the defendant bears the burden of establishing his lesser role in the offense by a preponderance of the evidence). We therefore affirm Hernandez's sentence.

**AFFIRMED.**