[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
April 23, 2008
THOMAS K. KAHN
CLERK

No. 07-12347
Non-Argument Calendar

_____

D. C. Docket No. 06-00361-CR-1-VEH-JEO

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARK ANTHONY TOYER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(April 23, 2008)**

Before ANDERSON, HULL and WILSON, Circuit Judges.

PER CURIAM:

Mark Toyer appeals his convictions under 18 U.S.C. § 922(g)(1), which

prohibits the possession of a firearm or ammunition by a convicted felon. Toyer

argues (1) that he did not validly waive his *Miranda* rights because he spoke out of

fear for the safety of his children; (2) that the district court abused its discretion

when it admitted physical evidence of drugs and drug paraphernalia; (3) that the

district court plainly erred when it admitted testimony by a government witness,

Darryl James, that Toyer had previously fired a weapon at another person; and (4)

that his trial counsel was ineffective. For the reasons discussed below, we affirm

the convictions and dismiss the ineffective assistance claims without prejudice.

## DISCUSSION

### I.     Waiver of *Miranda* Rights

Toyer argues that the district court erred in denying his motion to suppress

various incriminating statements he made to the police in connection with the

execution of a search warrant at his residence. Normally, we review "the denial of

a motion to suppress a confession under a mixed standard: findings of fact are

reviewed for clear error and the application of law to the facts is reviewed *de

novo*." *United States v. Glover*, 431 F.3d 744, 747 (11th Cir. 2005) (per curiam).

However, because Toyer did not object to the magistrate judge's report and

recommendation, we review the findings of fact for plain error or manifest

injustice. *See United States v. Warren*, 687 F.2d 347, 348 (11th Cir. 1982) (per

2

curiam). Our review of the legal conclusion remains *de novo*. *See id.* We have discretion to correct an error under the plain error standard where (1) an error occurred, (2) the error was plain, (3) the error affected substantial rights, and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings. *United States v. Duncan*, 400 F.3d 1297, 1301 (11th Cir. 2005). In cases such as this, where a magistrate judge has made a credibility determination based on an assessment of witnesses' in-court testimony, we "defer to the magistrate judge's determinations unless his understanding of the facts appears to be unbelievable." *United States v. Ramirez-Chilel*, 289 F.3d 744, 749 (11th Cir. 2002) (internal quotation marks omitted).

"In *Miranda v. Arizona*, 384 U.S. 436, 444-45, 86 S. Ct. 1602, 1612, 16 L. Ed. 2d 694, 706-07 (1966), the Supreme Court held that evidence obtained as a result of a custodial interrogation is inadmissible unless the defendant had first been warned of his rights and knowingly waived those rights." *United States v. Parr*, 716 F.2d 796, 817 (11th Cir. 1983). When an "interrogation continues in the absence of counsel for the defendant, the government must show that the defendant made a knowing, voluntary, and intelligent waiver of his rights." *Id.* Whether the waiver was valid is a question of law. *Id.* at 817-18.

In *Moran v. Burbine*, 475 U.S. 412, 106 S. Ct. 1135, 89 L. Ed. 2d 410

3

(1986), the Supreme Court explained the two-part inquiry for determining whether a valid waiver occurred. *See United States v. Barbour*, 70 F.3d 580, 585 (11th Cir. 1995). First, the relinquishment of the right must be the product of a free and deliberate choice rather than intimidation, coercion, or deception. *Moran*, 475 U.S. at 421, 106 S. Ct. at 1141. Second, the waiver must be made with a full awareness of both the nature of the right being abandoned and the consequences of abandoning the right. *Id.* The court may conclude that the *Miranda* rights were waived only if the totality of the circumstances reveals both an uncoerced choice and the requisite level of comprehension. *Id.* An express written or oral waiver "is usually strong proof of the validity of that waiver, but is not inevitably either necessary or sufficient to establish waiver." *North Carolina v. Butler*, 441 U.S. 369, 373, 99 S. Ct. 1755, 1757, 60 L. Ed. 2d 286 (1979). A suspect can also make an implied waiver of his *Miranda* rights. *Jacobs v. Singletary*, 952 F.2d 1282, 1295 (11th Cir. 1992). We may consider the initiation of dialogue as a factor when determining whether a waiver was voluntary. *Id.*

In this case, the district court adopted the magistrate judge's determination that Toyer implicitly waived his *Miranda* rights by giving statements to the police after being advised of those rights. The factual findings underlying this conclusion are supported by the record. Agent James Wigley testified that he orally advised

4

Toyer of his *Miranda* rights and that Toyer stated his understanding of them. The magistrate judge found Wigley's testimony to be credible, and we defer to that determination because the magistrate's understanding of the facts does not appear unbelievable. *See Ramirez-Chilel*, 289 F.3d 744, 749. Further, the magistrate judge found that Toyer made the statements at issue only after the police advised him of his *Miranda* rights. The magistrate found no evidence that the police employed coercion, threats, or violence in obtaining Toyer's statements. These findings are not plainly erroneous and do not amount to a manifest injustice.

Toyer argues for the first time on appeal that he did not voluntarily waive his *Miranda* rights because he made the incriminating statements after learning that one or more of his children were in the dangerous situation of a police raid at his home.[1] However, even if this concern did motivate his decision to speak, it could not have rendered his waiver involuntary absent evidence of intimidation, coercion, or deception by the officers. *See Moran*, 475 U.S. at 421, 106 S. Ct. at 1141 ("[T]he relinquishment of the right must have been voluntary in the sense that it was the product of a free and deliberate choice rather than intimidation, coercion, or deception."); *Barbour*, 70 F.3d at 585 (holding that, for waiver of *Miranda*

---

[1] At one point in his opening brief, Toyer also states that he did not knowingly waive his rights. Toyer cannot prevail on this argument. Nothing in the record suggests that Toyer was unaware of the nature of his rights or the consequences of abandoning them. *See Moran*, 475 U.S. at 421, 106 S. Ct. at 1141.

rights to be involuntary, "there must be coercion by an official actor"). Nothing in the record indicates that the officers threatened or coerced Toyer with respect to his children. Accordingly, Toyer's argument is without merit.

In light of the magistrate judge's factual findings, the district court properly concluded that Toyer validly waived his *Miranda* rights. The totality of the circumstances indicates that the waiver was voluntary, knowing, and intelligent. We therefore affirm the denial of the motion to suppress.

## II. Physical Evidence of Drugs and Drug Paraphernalia

Toyer argues that, because the evidence of drugs and drug paraphernalia discovered in his home showed only drug use and not drug dealing, it was improperly admitted. He contends that the evidence prejudiced him in the eyes of the jury, particularly because there was evidence that Toyer's children lived in the house and were exposed to drug use. We review evidentiary rulings for abuse of discretion. *United States v. Wright*, 392 F.3d 1269, 1276 (11th Cir. 2004). We "will only reverse an evidentiary ruling when it has affected a defendant's substantial rights." *Id.*

Federal Rule of Evidence 404(b) provides that evidence of uncharged crimes "is not admissible to prove the character of a person in order to show action in conformity" with the past acts. Evidence of uncharged criminal activity is not

extrinsic when it is "(1) an uncharged offense which arose out of the same transaction or series of transactions as the charged offense, (2) necessary to complete the story of the crime, or (3) inextricably intertwined with the evidence regarding the charged offense." *Wright*, 392 F.3d at 1276. Moreover, we have held that it is appropriate to admit evidence of drug trafficking to prove knowing possession of firearms when the trafficking evidence is "in sufficiently close proximity, temporally and physically," to the firearms. *United States v. Thomas*, 242 F.3d 1028, 1032 (11th Cir. 2001).

In this case, there was testimony that Toyer sold crack cocaine out of the house where the firearms were discovered. In addition, there was testimony that Toyer obtained the firearms in exchange for crack cocaine. The physical evidence of drugs and drug paraphernalia was evidence of drug trafficking insofar as it corroborated this testimony.[2] Given that the drug-related evidence and the firearms were discovered in close physical and temporal proximity (i.e., during a search of Toyer's residence), the evidence was relevant to proving that Toyer knowingly possessed the firearms. *See id*. Accordingly, Rule 404(b) does not bar admission of the evidence.

Even if relevant, evidence may be excluded when its probative value "is

---

[2] Toyer does not challenge the admission of the testimonial evidence.

7

substantially outweighed by the danger of unfair prejudice." Fed. R. Evid. 403.  A court's discretion to exclude evidence under Rule 403 should be used sparingly, and the balance under the rule should be struck in favor of admissibility.  *Wright*, 392 F.3d at 1276.  Here, we cannot conclude that the district court abused its discretion in declining to exclude the physical evidence of drug trafficking as unduly prejudicial.  Given the evidence's relevance to establishing Toyer's knowing possession of the firearms, the district court reasonably could have concluded that the probative value of the evidence outweighed any prejudicial effect.  Accordingly, the district court's admission of the challenged evidence did not constitute an abuse of discretion.

## III.    Evidence That Toyer Previously Fired Weapon

Toyer argues that the district court erred in admitting evidence that Toyer had previously fired a weapon at another person.  Specifically, he contends that James's testimony that Toyer fired a gun at a person in a Lexus should not have been admitted because James was unsure whether the gun Toyer fired was the .357 revolver identified in the indictment.  Since Toyer did not object to James's testimony, we review the entry of the testimony for plain error.  *United States v. Chilcote*, 724 F.2d 1498, 1503 (11th Cir. 1984).[3]

---

[3] In his reply brief, Toyer argues that Germanowski's testimony concerning Toyer's statements should have been suppressed.  Because this argument is raised for the first time in a

8

We have recognized "the logical connection between a convicted felon's knowing possession of a firearm at one time and his knowledge that a firearm is present at a subsequent time (or, put differently, that his possession at the subsequent time is not mistaken or accidental)." *United States v. Jernigan*, 341 F.3d 1273, 1281 (11th Cir. 2003). In this case, Agent Matthew Germanowski testified that Toyer admitted firing the .357 revolver identified in the indictment at a person in a Lexus. Thus, James's testimony corroborated Germanowski's testimony and was relevant to establishing Toyer's knowing possession of the revolver. Accordingly, the district court did not err, much less plainly err, when it admitted James's testimony.

## IV. Ineffective Assistance of Counsel

Generally, we do not consider claims of ineffective assistance of counsel raised on direct appeal where there was an insufficient opportunity to develop the record regarding the merits of the claims. *See United States v. Camacho*, 40 F.3d 349, 355 (11th Cir. 1994), *overruled in part on other grounds by United States v. Sanchez*, 269 F.3d 1250 (11th Cir. 2001) (en banc); *see also Massaro v. United States*, 538 U.S. 500, 504-05, 123 S. Ct. 1690, 1694, 155 L. Ed. 2d 714 (2003). When the record is insufficient to consider an ineffective assistance of counsel

---

reply brief, it is abandoned. *See United States v. Magluta*, 418 F.3d 1166, 1185-86 (11th Cir. 2005).

claim, the claim should be resolved in a 28 U.S.C. § 2255 proceeding. *See Camacho*, 40 F.3d at 355.

In this case, Toyer's ineffective assistance claims center around failures to object. A failure to object could be ineffective assistance of counsel or it could be an appropriate trial strategy. *See Fugate v. Head*, 261 F.3d 1206, 1223-24 (11th Cir. 2001) (addressing a federal habeas petition and holding that, since counsel's reason for not objecting was strategic, there was no ineffective assistance of counsel). Here, the record contains no evidence that would indicate why Toyer's counsel failed to object to the magistrate's report or to the testimony at trial. Because the record has not been sufficiently developed for us to consider Toyer's ineffective assistance claims, we dismiss those claims without prejudice.

## CONCLUSION

After review of the record and the parties' briefs, we discern no reversible error. Accordingly, we affirm Toyer's convictions and dismiss his ineffective assistance of counsel claims without prejudice.

**AFFIRMED IN PART, DISMISSED WITHOUT PREJUDICE IN PART.**