[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 20, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-15653
Non-Argument Calendar

_____

D. C. Docket No. 99-00521-CR-SH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERTO ALEMAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 20, 2009)

Before BIRCH, BLACK and HULL, Circuit Judges.

PER CURIAM:

Roberto Aleman, a federal prisoner proceeding *pro se*, appeals the district court's denial of his motion for a reduced sentence under 18 U.S.C. § 3582(c)(2) based on Amendments 599 and 706 to the Sentencing Guidelines. On appeal, Aleman argues that the district court erred by denying his § 3582(c)(2) motion because his Guidelines range was subsequently lowered by Amendment 706.

We review a district court's decision whether to reduce a sentence under § 3582(c)(2) for abuse of discretion and its conclusions regarding the scope of its legal authority *de novo*. *United States v. Williams*, 549 F.3d 1337, 1338 (11th Cir. 2008). A district court may modify a term of imprisonment in the case of a defendant who was sentenced to a term of imprisonment based on a Guidelines range that has been lowered subsequently by the Sentencing Commission. 18 U.S.C. § 3582(c)(2).

Aleman was sentenced as a career offender under § 4B1.1, so the district court lacked authority to reduce his sentence under § 3582(c)(2) based on Amendment 706. *See United States v. Moore*, 541 F.3d 1323, 1330 (11th Cir. 2008), *cert. denied*, 129 S. Ct. 965, *and* 129 S. Ct. 1601 (2009). Additionally, Aleman abandoned any claim under § 3582(c)(2) motion based on Amendment

599 by failing to raise the issue in his initial brief on appeal.[1] *See United States v. Thomas*, 242 F.3d 1028, 1033 (11th Cir. 2001) (noting that an appellant abandons an issue by failing to raise it in his initial brief). Accordingly, we affirm.

**AFFIRMED.**

---

[1] Even if Aleman had not abandoned this claim, the district court did not err in denying his § 3582(c)(2) motion on the basis of Amendment 599. *See United States v. Armstrong*, 347 F.3d 905, 908 (11th Cir. 2003).