[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-11844
Non-Argument Calendar

_____

D.C. Docket No. 8:11-cr-00404-EAK-AEP-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KHALDOUN KHALIL KHAWAJA,
a.k.a. Tony Khawaja,

Defendant-Appellant,

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(February 1, 2013)

Before TJOFLAT, CARNES, and PRYOR, Circuit Judges.

PER CURIAM:

Khaldoun Khalil Khawaja appeals his conviction for possession of a firearm

by a convicted felon in violation of 18 U.S.C. § 922(g)(1).  Khawaja contends that

the district court abused its discretion by admitting evidence at trial that he was involved in a scheme to cash fraudulent tax refund checks.

## I.

Khawaja, a convicted felon, was the manager of a small grocery store in Tampa, Florida that was owned either by him or his father.[1]  In 2011, agents from several law enforcement agencies began investigating his involvement in a scheme to cash fraudulent tax refund checks.  As part of that investigation, an undercover detective visited the store and presented Khawaja with two tax refund checks with fictitious names.  Khawaja invited the detective into an office that he had the key to and that he frequently used.  He cashed the fraudulent checks, giving the detective cash for 20% of their value and keeping the other 80% for himself.  During that transaction, the detective observed the barrel of a shotgun propped against a wall next to Khawaja's desk.

About two weeks later, law enforcement officials returned to Khawaja's store and executed a search warrant in furtherance of their investigation into the tax fraud scheme.  During that search, they seized the shotgun from Khawaja's office and found shotgun shells and handgun ammunition in the desk drawer.  They also seized brown bags full of cash and a loaded Glock 9 mm pistol that was located in plain view on a shelf below the cash register.

---

[1] There was conflicting evidence presented at trial about whether Khawaja or his father owned the store.  It was undisputed, however, that Khawaja managed it.

## II.

Khawaja was charged in a one-count indictment with possession of two firearms and ammunition by a convicted felon but he was not charged with any crimes related to the scheme to cash fraudulent tax refund checks. At trial, the government sought to present evidence of Khawaja's involvement in that scheme. Specifically, it sought to introduce: (1) testimony of a secret service agent explaining why law enforcement officers were investigating Khawaja; (2) a video of the transaction between Khawaja and the undercover detective who visited his store, which showed the shotgun leaning against the wall in Khawaja's office; (3) testimony of the undercover detective explaining why he was in Khawaja's office when he observed the shotgun leaning against the wall; and (4) testimony of a secret service agent explaining why he executed the search warrant at Khawaja's store, which led to the seizure of the shotgun, the pistol, and the ammunition. Khawaja filed a motion in limine to exclude that evidence, but the district court denied the motion and the government introduced the evidence at trial. The jury returned a verdict of guilty against Khawaja and the court entered judgment on the verdict and sentenced him to 37 months imprisonment followed by 36 months of supervised release.

### III.

Khawaja challenges his conviction on the grounds that the district court improperly denied his motion to exclude the evidence of his involvement in the tax fraud scheme. He contends that the evidence was inadmissible under Federal Rules of Evidence 404(b) and 403. We review a district court's evidentiary rulings for abuse of discretion. United States v. Jiminez, 224 F.3d 1243, 1249 (11th Cir. 2000).

### A.

Rule 404(b) provides that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." It does not, however, bar the introduction of evidence that is intrinsic to the charged offense. United States v. Edouard, 485 F.3d 1324, 1344 (11th Cir. 2007). Evidence of uncharged crimes is intrinsic when it: "(1) [arises] out of the same transaction or series of transactions as the charged offense; (2) [is] necessary to complete the story of the crime; or (3) [is] inextricably intertwined with the evidence regarding the charged offense." Id.

The district court concluded that the evidence of Khawaja's involvement with the tax fraud scheme was inextricably intertwined with the evidence relating to the charged offense and therefore Rule 404(b) did not apply. We agree. To

4

convict Khawaja of possession of a firearm by a convicted felon, one of the elements that the government had to prove was that Khawaja actually or constructively possessed the guns that were found in his store. United States v. Beckles, 565 F.3d 832, 841 (11th Cir. 2009). The fact that he was present in the store with the guns is not enough to establish constructive possession. Id. Instead, he must have exercised "ownership, dominion, or control" over the guns or had "the power and intent" to do so. Id.

Khawaja's defense at trial was that he did not constructively possess the guns found in the store. The evidence of his involvement in the tax fraud scheme tends to negate that defense. It supports the inference that he knowingly kept the guns in the store because his involvement in a scheme to commit tax fraud involved keeping large amounts of cash in the store and he had the guns to protect himself against being robbed. Accordingly, the district court did not abuse its discretion by admitting the evidence. See United States v. Thomas, 242 F.3d 1028, 1032 (11th Cir. 2001) (holding that Rule 404(b) did not prevent the admission of evidence of drug transactions when the defendant was on trial for possession of a firearm by a convicted felon because "[t]he fact that [the defendant] was engaged in selling crack from his home is relevant evidence from which to infer that he knowingly possessed rifles found in the closet of that home and in his truck parked in the driveway of that home").

5

B.

Rule 403 allows the district court to "exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice." Khawaja contends that the evidence of his involvement in the tax fraud scheme was unduly prejudicial and the district court should have excluded it. Because Rule 403 "permits the trial court to exclude concededly probative evidence," excluding evidence under that Rule is an "extraordinary remedy, which should be used only sparingly." United States v. Smith, 459 F.3d 1276, 1295 (11th Cir. 2006) (alteration omitted). The balance "should be struck in favor of admissibility." Id. Therefore, "we look at the evidence in a light most favorable to its admission, maximizing its probative value and minimizing its undue prejudicial impact." Id. (quotation marks omitted).

The district court did not abuse its discretion by admitting the evidence of Khawaja's involvement in the scheme to cash fraudulent tax refund checks in spite of any prejudicial effect. As we have explained, that evidence was probative of Khawaja's constructive possession of the guns—an essential element of the charged offense. Its prejudicial impact was minimized by the fact that the court instructed the jury that it could consider the evidence only for limited purposes. See United States v. Brown, 665 F.3d 1239, 1247 (11th Cir. 2011) ("A limiting instruction can diminish any unfair prejudice caused by the evidence's

6

admission."); <u>United States v. Spoerke</u>, 568 F.3d 1236, 1251 (11th Cir. 2009)

(explaining that a limiting instruction can cure any possible unfair prejudice).

Because admitting the evidence was not an abuse of discretion, we affirm

Khawaja's conviction.

**AFFIRMED.**