[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-16334
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cr-20326-MGC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

OSCAR VICTOR CUELLO-FRIAS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(October 19, 2017)

Before WILSON, MARTIN, and ANDERSON, Circuit Judges.

PER CURIAM:

Oscar Victor Cuello-Frias appeals his sentence after pleading guilty to conspiracy to possess with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), 846. Cuello-Frias argues that the district court clearly erred in finding that the conspiracy for which he was convicted commenced within ten years of his previous drug conviction of March 23, 2006. This error, Cuello-Frias argues, caused the district court to err in determining that he should receive a criminal history point for this March 2006 conviction, that his criminal history category was II, and that he was therefore ineligible for safety-valve relief.[1] After careful review, we find that the district court did not so err, and therefore affirm.

In reviewing a district court's use of the Guidelines, we review purely legal questions de novo, and the district court's factual findings for clear error. *United States v. Monzo*, 852 F.3d 1343, 1348 (11th Cir. 2017). For a finding to be clearly erroneous, we must have "a definite and firm conviction that a mistake has been committed." *United States v. Rothenberg*, 610 F.3d 621, 624 (11th Cir. 2010).

The government has the burden of establishing facts used in sentencing by a preponderance of the evidence.[2] *United States v. Cornog*, 945 F.2d 1504, 1514

---

[1] Cuello-Frias also challenges the validity of his wavier of his appellate rights. However, the United States does not seek to enforce the waiver, so we do not address the issue here.

[2] Cuello-Frias asserts that *Cornog* means that when a district court does not specifically state the burden of proof used, "the case must be remanded back to the district court." However, *Cornog* merely held that remand was appropriate in that case because the specific language the district court used raised doubt about whether it applied the preponderance of the evidence standard.

2

(11th Cir. 1991). The district court's factual findings at sentencing may be based on, among other things, evidence heard during trial, undisputed statements in the presentence investigation report, or evidence presented during the sentencing hearing. *United States v. Polar*, 369 F.3d 1248, 1255 (11th Cir. 2004). The information relied upon need not be admissible under the rules of evidence, provided that it has sufficient indicia of reliability. *United States v. Castellanos*, 904 F.2d 1490, 1495 (11th Cir. 1990); U.S.S.G. § 6A1.3(a). The district court may also rely on the defendant's own admissions, *see United States v. Smith*, 480 F.3d 1277, 1281 (11th Cir. 2007), but may not rely upon an attorney's factual assertions at a sentencing hearing absent agreement between the parties. *United States v. Washington*, 714 F.3d 1358, 1361 (11th Cir. 2013).

Safety-valve relief allows for sentencing without regard to any statutory minimum, with respect to certain offenses, when specific requirements are met. *See* 18 U.S.C. § 3553(f); U.S.S.G. § 5C1.2. In order to be eligible for safety-valve relief, a defendant must show that he does not have more than one criminal history point. 18 U.S.C. § 3553(f)(1); U.S.S.G. § 5C1.2(a)(1). Prior sentences, other than those of imprisonment exceeding one year and one month, are not assigned a

---

945 F.2d at 1514. There is no such doubt here, as the district court definitively found that the criminal conduct "occurred" within the ten-year window.

criminal history point unless they were "imposed within ten years of the defendant's commencement of the instant offense."  U.S.S.G. § 4A1.2(e).

To determine the starting date of this ten-year window, a court counts back from the commencement of the instant offense.  *United States v. Cornog*, 945 F.2d 1504, 1509 (11th Cir. 1991) (noting that an offense commencing on February 9, 1988, would be within fifteen years of a sentence imposed on February 9, 1973).  The phrase "commencement of the instant offense" includes any conduct relevant to the offense.  U.S.S.G. § 4A1.2 cmt. n.8.  Relevant conduct includes "all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant . . . that occurred during the commission of the offense of conviction [or] in preparation for that offense."  U.S.S.G. § 1B1.3(a)(1).  However, relevant conduct does not include the conduct of members of a conspiracy before the defendant joined the conspiracy.  *United States v. Word*, 129 F.3d 1209, 1213 (11th Cir. 1997); U.S.S.G. § 1B1.3 cmt. n.3(B).

At issue here is whether the district court clearly erred in finding that Cuello-Frias's instant conduct commenced within ten years of his March 23, 2006 drug conviction, resulting in an additional criminal history point.[3]

---

[3] Cuello-Frias has abandoned any argument that March 22 and 23, 2016 are outside the period charged in the indictment by failing to raise the issue in his opening brief. *See United States v. Thomas*, 242 F.3d 1028, 1033 (11th Cir. 2001).

The district court had two pieces of relevant information properly before it at sentencing: (1) Cuello-Frias's admissions that in "early March 2016, a cooperating defendant (CD) informed DEA agents that she could purchase ounce quantities of methamphetamine" from Cuello-Frias and (2) a series of text messages between Cuello-Frias and the CD. *See Smith*, 480 F.3d at 1281; *Polar*, 369 F.3d at 1255. The messages span from March 22, 2016 to March 28, 2016.[4]

On March 22, 2016, Cuello-Frias[5] texted "Hey u," "Hello," "Hello," and "Wat happen?"  The CD did not respond.  On March 23, 2016, Cuello-Frias texted "Hello," "Wat sup," and then "Omw," to which the CD replied, "Victor I have a really really weird feeling about tonight and I try to listen to my feelings please understand and can we do all of this tomorrow."  Cuello-Frias replied, "Ok" and then "Iam here."  The remaining text messages fall outside of the ten-year window, so we do not consider them, except to note that the text message exchange did culminate in a meetup and drug deal on March 28 in which Cuello-Frias and his co-conspirator, Salavarria, sold methamphetamine to the CD.

---

[4] Although the text messages are not part of the formal record on appeal, they were introduced during the sentencing hearing and were explicitly considered by the district court. *Cf. Butterworth v. Bowen*, 796 F.2d 1379, 1387 (11th Cir. 1986) (noting that we "generally will not consider material that has not been considered by the court below"). Further, Cuello-Frias has not objected to the text messages, instead making a request for the district court to make them a part of the record, which was granted. Accordingly, we can consider the text messages on appeal. *See Butterworth*, 796 F.2d at 1387.

[5] Cuello-Frias failed to raise in his brief any argument that he was not the person to send these text messages. Thus, he has abandoned any such argument. *See Thomas*, 242 F.3d at 1033.

5

Considering these text messages and Cuello-Frias's admissions, we cannot say it was clear error for the district court to find that Cuello-Frias commenced the charged offense on or before March 23, 2016. Because the text message exchange suggested that, on or before March 23, 2016, Cuello-Frias and the CD were attempting to schedule the drug deal that ultimately occurred on March 28, 2016, the district court could have reasonably concluded that Cuello-Frias was prepared to immediately sell the drugs (with help from his co-conspirator, Salavarria)—and was therefore actively engaged in the conspiracy on or before March 23.

However, the district court did not even need to find that Cuello-Frias was actively engaged in the conspiracy at that time—it merely needed to find that he committed an act "in preparation for" the charged offense. *See* U.S.S.G. §§ 1B1.3, 4A1.2(e) & cmt. n.8. The text messages, coupled with the "early March 2016" admissions, constituted substantial evidence in support of this finding.

Therefore, as the district court did not clearly err in finding that Cuello-Frias commenced the charged crime on or before March 23, 2016, the March 23, 2006 conviction fell within the ten-year window. Accordingly, the district court correctly determined that Cuello-Frias should receive a criminal history point for the 2006 conviction, that his criminal history category was II, and that he was ineligible for safety-valve relief.

**AFFIRMED.**